113 So.2d 275 (1958)
FOOD FAIR STORES OF FLORIDA, Inc., a corporation, Appellant,
v.
Angelina T. MORONI and Imberiol S. Moroni, her husband, Appellees.
No. 562.
District Court of Appeal of Florida. Second District.
December 12, 1958.
Rehearing Denied July 3, 1959.
*276 Brown, Dean, Adams & Fisher, Miami, for appellant.
Orr, Weiss & Simon, Miami, for appellees.
TERRY B. PATTERSON, Associate Judge.
Plaintiffs sued defendant in the court below for damages suffered when the plaintiff wife slipped on a piece of wet spinach and fell to the floor of defendant's supermarket.
The complaint specified the negligence of the defendant in the following language:
"That on or about the 17th day of February, 1955, at or about 2:00 P.M. o'clock, the plaintiff Angelina T. Moroni, a business invitee, while shopping in a certain store owned and operated by the defendant located on N.E. 6th Avenue in Fort Lauderdale, Florida, and while she was approaching the dairy products stall, was caused to trip, stumble and fall on and by reason of *277 some discarded slick and slippery vegetable matter that was lying in a pool of water in front of the said stall area, as more particularly hereinafter shown.
"That the presence of foreign matter and the pool of water in front of the said stall was unexpected and unknown to said plaintiff,
"That it was the duty of the defendant then and there to use reasonable care to maintain the premises in a clean and safe condition.
"That at the said time and place, the defendant in breach of its said duty, controlled and maintained the premises in a negligent manner, in that:
1.
"The defendant allowed and permitted refuse vegetable matter, to-wit: spinach leaves, to be strewn and littered about the said stall area, and thus created a dangerous, hazardous and unsafe condition with respect to a person on foot, or in the alternative,
2.
"The defendant allowed and permitted a pool of water to lie on a smooth terrazzo floor in and about the said stall area, thereby creating a dangerous, hazardous and unsafe condition with respect to a person on foot, or in the alternative,
3.
"The defendant knew or should have known in the exercise of reasonable care, that the vegetable matter lying in the pool of water where a customer was likely to walk about, constituted a latent and concealed peril, creating a dangerous, hazardous and unsafe condition, or in the alternative,
4.
"That the defendant failed to warn persons using that portion of the premises of the danger due to walking through or on that portion of the floor, or in the alternative,"
The answer interposed the defenses of denial and of contributory negligence.
Upon the trial, and over the objection of the defendant, plaintiff introduced extensive evidence of the defendant's operating methods of replenishing its vegetable bins, intending thereby to supply proof, by permissible reasonable inference, that the particular condition causing plaintiff's fall was created by the defendant itself in allowing vegetable matter to be strewn on the floor by its own employees, in which case knowledge by the defendant of the existence of the hazardous condition would be presumed and further proof of notice, actual or constructive, would be unnecessary. There is no other evidence of actual or constructive notice to the defendant of the presence of the wet spinach on its floor.
Counsel in this case do not dispute the rule that in a slip and fall case such as this it is incumbent upon the plaintiff to allege and prove that either the alleged condition giving rise to the plaintiff's injury was created by the store management, its servants or employees or that the condition was actually known to exist by the store management or had remained as such a sufficient length of time for the management to have discovered it and removed it by the exercise of due diligence. Carl's Markets, Inc., v. Leonard, Fla., 73 So.2d 826; Messner v. Webb's City, Inc., Fla., 62 So.2d 66; Food Fair Stores, Inc., v. Flood, Fla., 85 So.2d 831; Carl's Markets, Inc., v. Meyer, Fla., 69 So.2d 789.
Defendant strenuously contends, however, that in this case, by their complaint as framed, plaintiffs have elected to charge defendant with the negligent failure to remove a dangerous condition after knowledge of its existence, actual or constructive, and that under such complaint it is essential to plaintiffs' case that they prove either that the defendant had actual knowledge of *278 the existence of the wet spinach on the floor or that it had remained there a sufficient time for defendant to have become aware of it by the exercise of due diligence, neither of which plaintiff has offered to do. Defendant relies heavily on Carl's Market, Inc. v. Meyer, supra. It is the defendant's contention that under the issues so drawn evidence of the store's operating procedures is inadmissible to prove the issue, not pleaded, that the defendant through its servants and employees created the dangerous condition; and that even if admissible the circumstantial evidence of the store's procedures is insufficient for that purpose.
The trial judge admitted the objected to evidence on the ground that the allegations of the complaint were broad enough to encompass the issue that the dangerous condition causing the accident was the creation of the defendant itself. Admittedly the complaint could have been drawn with more clarity but we agree with the trial judge that the allegations cover the issue of whether the defendant itself created the dangerous condition. The allegation of knowledge and notice is in the alternative. The instruction under which the issue was submitted to the jury correctly stated the case as follows:
"If you find from the evidence in this case that the plaintiff, Angelina T. Moroni, was injured as a result of a slippery condition or a fallen object on the surface of the store floor, or a combination of both, it is the obligation of the plaintiff under such circumstances to show by a preponderance of the evidence that defendant knew or in the exercise of reasonable care should have known of the existence of this condition. In other words the plaintiff must show that the defendant acting through its agents, servants and employees had actual notice of the slippery condition or that the slippery condition had existed for such a long period of time that they should have known of its condition. If, however, you find from the evidence that the defendant or its employees created the condition then and there existing then the defendant is presumed to have notice of such condition."
The instruction is in accord with Carl's Markets, Inc., v. Meyer, supra. We find no error in admitting the objected to evidence and the submission of the issue to the jury under such instruction.
Defendant further contends that even if admissible, the circumstantial evidence of the defendant's operating procedures in replenishing its vegetable bins is insufficient to present a jury question of the ultimate fact that the cause of the plaintiff's fall was brought about by defendant's own employees.
The evidence relied on by plaintiff shows that the vegetables to be displayed in the vegetable bins were first washed and trimmed in the rear of the store and then hurriedly carted through the store aisles, past the dairy stall, in open containers on four wheeled flat bed trucks. Replenishing of vegetables continued more or less regularly throughout the day. Ice was supplied to the bins in like manner in any sort of containers that might be available. Wilted vegetables were returned at intervals to the rear of the store, retrimmed and returned to the display bin. The route of supplying the vegetable bin passed directly over the spot where the errant piece of spinach caused plaintiff to fall. The standing instruction of the store was that the floor should be swept every hour; and the floor had in fact been swept two or three times on the day of the accident. The evidence establishes the vegetable bins had actually been replenished on the day of the accident according to the usual procedures. The evidence further establishes that there were particles of spinach on plaintiff's shoe, a skid mark about two feet long, particles of broken up spinach on the skid mark, a wet piece of spinach on the floor at the area of the fall, and also that the floor was wet in that area.
*279 In addition to showing the handling of the vegetables in supplying the display bin, plaintiff presented evidence by the store manager and vegetable clerk that when vegetables were sold they were immediately placed in a paper bag and closed by stapling, either by the sales clerk or the cashier in the immediate vicinity of the vegetable counter which was located at a considerable distance from the dairy stall where the accident occurred.
We are not aware of any case which holds that the matter of the creation of the hazardous condition by the defendant may not be established by circumstantial evidence if the reasonable inference to that effect outweighs all contrary and opposing inferences under the usual rule of the probative force of circumstantial evidence in civil cases. Voelker v. Combined Ins. Co. of America, Fla., 73 So.2d 403. See Pogue v. Great Atlantic and Pacific Tea Company, 5 Cir., 242 F.2d 575.
We think the evidence was properly admitted for the purpose intended under the issues framed by the complaint and is a sufficient basis for the jury's verdict.
Defendants further urge on this appeal that the record establishes that plaintiff Angelina Moroni was guilty of contributory negligence as a matter of law. We agree with the trial judge that plaintiff's contributory negligence was a jury question. The accident occurred at a place where plaintiff was invited to walk and to give her attention to the store's wares. Under such circumstances it is for the jury to say whether she was negligent in failing to observe the particular foreign substance causing her injuries in this case.
We have examined the other questions urged by defendant and do not find error.
The judgment appealed from is affirmed.
Affirmed.
KANNER, C.J., and SHANNON, J., concur.

On Petition For Rehearing
PER CURIAM.
Petition for rehearing was granted for the purpose of considering and ascertaining the effect of the recent decision of the Supreme Court of Florida in the case of Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5, on the opinion rendered by this court in the instant case. After a careful study of the record in each of the cases, we conclude that Food Fair Stores of Florida v. Patty does not control here. The factual situation in the present case is materially different from that of the Patty case. Accordingly, we adhere to our opinion and deny the petition for rehearing.
KANNER, Acting C.J., and PATTERSON, TERRY B., Associate Judge, concur.
SHANNON, J., dissents.