PEARSON, Judge.
Phoebe Trusell is a housewife. In February of 1958 she customarily shopped in Frederich’s market. On the 28th of February, after she had completed most of her shopping and was near the “checkout” counter she went to purchase some ice cream. The most direct route from the “checkout” counter to the ice cream counter led near an area used by Frederich’s to stack shopping buggies not in use. Since the store was busy, the buggy stacking area was not as full as usual. As Mrs. Trusell passed the parking area, she slipped on a piece of lettuce and fell. Mr. Tru-sell, who was near by, did not witness his wife’s fall, but a store employee named Thomas Whittle did. Mrs. Trusell filed suit. The store answered, denying every allegation of the complaint and pleading the affirmative defense of contributory *617 negligence. Having taken the depositions of Mr. and Mrs. Trusell, Fredericks moved for a summary judgment relying upon the depositions mentioned, and a statement of the witness, Thomas Whittle. The plaintiif offered affidavits of Nathan Thomas, another employee of the market, and Mr. Trusell. At the time of the hearing the plaintiif also offered two other affidavits, which were properly rejected by the court as having been filed too late for consideration. The trial judge entered summary final judgment for the store and this appeal followed. We hold that there was a genuine issue as to whether the piece of lettuce on the floor was a hazard created by the operator of the store, and we reverse.
In support of the judgment the store urges first that it affirmatively appeared that the plaintiff was unable to explain how this lettuce came to be on the floor, nor could she say how long it had been there. The store also urges that it conclusively appears from the affidavits that it had used all due diligence to provide its business invitee with a reasonably safe place to shop. The statement of Thomas Whittle, submitted by the store, was to the effect that a porter was employed by the store to continually sweep the floors of the store and that he, Whittle, would pick things up if he saw them on the floor.
Inasmuch as the trial judge expressly bottomed his ruling upon the .recent opinion of the Supreme Court of Florida in Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5, we first consider whether upon the motion for summary judgment it was shown that the plaintiff was without proof to sustain her complaint.
Upon this question, the court had the following information before it upon defendant’s motion: (1) Mrs. Trusell was unable to state the length of time the piece of lettuce had been on the floor and located the point of her fall as near the place where empty shopping buggies were stacked; (2) Mr. Trusell did not know how long the lettuce leaf had been on the floor; (3) At the taking of her deposition, neither Mr. nor Mrs. Trusell were able to give the name of any witness to the accident, although the defendant produced the sworn statement of such a witness (Thomas Whittle, a store employee); (4) Thomas Whittle did not know how the piece of lettuce got on the floor, nor did he know how long it had been there; (5) Nathan Thomas, an employee of the market, stated in his affidavit that the customary practice was that: “ * * * bagboys would take the unloaded shopping buggies from the ‘checkout’ counter and stack them between the ‘checkout’ counter and the drug department. Further, that the bagboys were supposed to empty the buggies of paper, debris, loose particles of vegetables or greens before stacking the buggies. Further, that in the course of work, the bagboys would not always accomplish this, and that sometimes loose leaves would fall from the buggies to the floor, being shaken loose by the stacking process.”
On behalf of the appellants, it is urged that the established rule in this state is that if the dangerous condition of the floor is created by a servant or agent of the owner, then the owner may be held liable for resulting injuries. Carls Markets, Inc. v. Meyer, Fla.1953, 69 So.2d 789, 791; Food Fair Stores of Florida, Inc. v. Moroni, Fla, App.1958, 113 So.2d 275; Pogue v. Great Atlantic & Pacific Tea Company, 5 Cir., 1957, 242 F.2d 575. It is further urged that the creation of the dangerous condition may be proved by establishing a factual situation out of which a jury of reasonable men might logically infer that it was created by a servant or agent of the owner of the store. Cf. Voelker v. Combined Ins. Co. of America, Fla.1954, 73 So.2d 403. It is then argued that the affidavit of Nathan Thomas, an employee of the store, established for the purposes of summary judgment, that frequently vegetable parts dropped to the floor from the recently used buggies when they were stored. Mrs. Trusell’s deposition showed that the spot where she fell was in close proximity to the *618 area where these buggies were stacked by the store employees.
We think that the facts pointed out are sufficient to raise an issue as to the negligence of the defendant’s employees. Since the negligence urged is that of the employees of the store by their method of operation, the matter of notice, actual or constructive, becomes inconsequential. Carls Markets, Inc. v. Meyer, supra; Food Fair Stores of Florida, Inc. v. Moroni, supra; Pogue v. Great Atlantic & Pacific Tea Company, supra.
Having determined that the plaintiffs established a factual situation out of which negligence could logically be inferred, we come to the store’s forceful argument that the plaintiff’s evidence in regard to the establishment of the fact that the defendant was the creator of a dangerous situation, is based upon mere speculation. The appellee contends plaintiffs failed to meet the test that a fact may be established by circumstantial evidence if the reasonable inference to that effect outweighs all contrary and opposing inferences under the usual rule of the probative force of circumstantial evidence. E. g., Byers v. Gunn, Fla.1955, 81 So.2d 723; Voelker v. Combined Ins. Co. of America, supra.
 The fact that circumstantial evidence is being relied upon, does not alter the rules that it is solely within the province of the jury to evaluate or weigh the evidence or that the burden of establishing a right of recovery by a preponderance is itpon the plaintiff. Consequently, where the circumstances established by the evidence 'tnay be susceptible of a reasonable inference or inferences which would authorize recovery and are also capable of an equally reasonable inference, or inferences, contra, a jury question is presented. Byers v. Gunn, supra; Voelker v. Combined Ins. Co. of America, supra. We think that the facts adduced are sufficient to present a jury question, and therefore the court committed a reversible error in entering the summary judgment.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.