143 So.2d 339 (1962)
WINN-DIXIE STORES, INC., Appellant,
v.
Gladys MANNING et al., Appellees.
Nos. 2451, 2452.
District Court of Appeal of Florida. Second District.
July 11, 1962.
*340 Thomas C. MacDonald, Jr., and William T. Keen, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellant.
John R. Parkhill, Tampa, for appellees.
KANNER, Judge.
By two appeals, appellant, defendant below, has sought review of a final judgment entered for appellees-plaintiffs pursuant to jury verdict in a slip and fall negligence action and of a separate judgment entered by the trial court taxing costs against defendant. The appeals have been consolidated for consideration by this court.
The plaintiffs are husband and wife. Purpose of the suit was recovery of damages for injuries asserted to have been sustained by plaintiff wife through a fall caused by stepping on a grape on the floor in a Winn-Dixie supermarket.
A pre-trial conference was held, and the subsequent pre-trial order specified, "It is the plaintiff's theory of negligence in this case that the defendant was negligent in its operational procedure in the display and sale of grapes. The defendant denies this and alleges that plaintiff was guilty of contributory negligence causing her own injury."
During trial motions for directed verdict were timely made by defendant but were denied. In connection with the motions, the trial judge stated, "I think that under the Trusell case the only thing the Court can do is submit it to the Jury. It seems to me there is evidence here that the grapes were picked up and could fall off the table, and did fall off when picked up and they were not packaged. I will let the Jury settle the case." The mentioned case was Trusell v. Food Fair Stores, Inc., Fla.App. 1960, 122 So.2d 616.
After verdict for plaintiffs had been returned, motion was made by defendant that the verdict be set aside and judgment entered in accordance with its motions for directed verdict or in the alternative for new trial. The motion requesting new trial was abandoned by defendant at the hearing upon the motions, and the court denied the motion for judgment notwithstanding the verdict.
Defendant asserts the sole question here to be the sufficiency of the evidence to support submission of the cause to the jury.
The testimony adduced at the trial was that of plaintiff wife, the produce manager and store manager, respectively, of the supermarket in question. Plaintiff wife's testimony was that on the day of the accident she visited the store of defendant for the purpose of shopping and that, while walking down the aisle between the bins containing the vegetables and the tables upon which had been placed displays of different items, she slipped and fell. After her fall, she stated, she saw three or four grapes on the floor and a grape on her shoe heel and noticed some grapes "stacked very high" on a table. She described the table as having a railing around it about two inches high and the grapes as being piled in loose bunches, the stack being approximately eight to ten inches above the rail in the center of the table, sloping toward and above the two inch rail. Plaintiff stated that no one was present to serve the grapes *341 but that the customer was required to place the grapes in bags and take them to an employee of the store for weighing. She testified that the area wherein she fell was well-lighted so that the grapes would have been seen on the floor by her had she looked, that she did not see any grapes fall from the table onto the floor, did not know how they came to be there, and did not know how long the grapes in question had been there. Plaintiff denied that there was a plexi-glass rail above the edge of the one which she had described and, responding to query, replied that she knew nothing of the store's operation.
The store's produce manager testified that the customers would sort through the grapes until they found a bunch that satisfied them and that during the handling, grapes frequently and easily came loose. He stated that inside the railing on the display table in question was a plexi-glass railing approximately four inches high and also indicated that on the day of the accident grapes were being sold from wall racks as well. The store manager testified that there is a six-foot aisle between the wall racks and seven tables, upon one of which the grapes were displayed and that if grapes did come loose, they would fall on the table.
Defendant's position is that plaintiffs in their arguments concerning the evidence, have pyramided inference upon inference in concluding that a case was made out for the jury. Defendant urges that the jury would have had to infer that (1) an employee of the defendant caused or permitted grapes to fall on the floor while replenishing a bin, (2) that such grapes on the floor created a hazardous condition, and (3) that this hazardous condition was the proximate cause of the injury.
On the other hand, plaintiffs' view as to the evidence is that it yielded deducible inferences from which the jury could have concluded that because of the arrangement and operation described, grapes came loose, fell to the floor, and that plaintiff slipped on one of those grapes and fell. As stated by plaintiffs in their brief, "* * * the jury had the right to infer that the grapes fell on the floor because they were piled too high and the railing was too low, without intervention of a customer."
Defendant contends, specifically, that there was no evidence which disclosed how the grapes came to be upon the floor, that there was nothing to show proximity of the area in which the grapes were sold to the area in which plaintiff fell or the area where the grapes on the floor were located, that there was no testimony concerning the method of replenishment of the grape table or the wall racks and none that grapes had ever rolled over the railing which surrounded the table onto the floor but only that loose grapes had dropped to the table. Neither does this court's examination of the record reveal any testimony given contrary to the evidentiary omissions delineated by defendant. As indicated by plaintiffs, they rely upon inferences drawn from the evidence.
Where a dangerous condition on the floor of a market is created by an agent or servant of the owner, the owner is liable for injuries resulting to a business invitee. When the negligence producing the injury is that of an employee, knowledge of the employee is chargeable against the employer; the negligent act committed in the course of employment binds the employer; and the employer's knowledge of the existence of the dangerous condition is of no consequence. Food Fair Stores, Inc. v. Trusell, Fla. 1961, 131 So.2d 730.
In the Trusell case, the Supreme Court considered a district court decision reversing a summary judgment entered by the trial judge in a slip and fall case. The district court opinion, Trusell v. Food Fair Stores, Inc., Fla.App. 1960, 122 So.2d 616, had held that a genuine issue of fact existed as to whether a piece of lettuce upon which the plaintiff in that case had slipped and fallen was a hazard created by the operator of the store. There, as here, operational *342 negligence was the basis upon which plaintiff proceeded. The affidavit considered by the district court to justify reversal of the trial court stated in part:
"`* * * bagboys would take the unloaded shopping buggies from the "checkout" counter and stack them between the "checkout" counter and the drug department. Further, that the bagboys were supposed to empty the buggies of paper, debris, loose particles of vegetables or greens before stacking the buggies. Further, that in the course of work, the bagboys would not always accomplish this, and that sometimes loose leaves would fall from the buggies to the floor, being shaken loose by the stacking process.'"
On certiorari, the Florida Supreme Court quashed the district court's opinion and remanded the cause for entry of judgment consistent with its opinion. The district court had concluded that the jury would be justified in inferring that the lettuce leaf reached the floor through the negligence of one of the "bagboys." Concerning the piece of lettuce upon the floor, the Supreme Court observed that no one knew how it happened to be there, how long it had been there, or who placed it there, and that no testimony had been presented that the lettuce had been placed on the floor either by an employee or by a customer. The court reviewed the affidavit that described the manner in which the bagboys emptied the buggies of debris and found it to be of such a nature as would not have been admissible at a trial as proof of a fact essential to recovery. Of that affidavit, the Supreme Court declared that the most which could be said was that the affiant had seen loose leaves fall from the buggies to the floor on occasions in the past. That this occurred in connection with the accident was a proposition which the court said required the trial judge to speculate. The statement in the affidavit, it was asserted, did not even purport to be descriptive of a consistent established course of conduct by employees of the store.
In the present case, wherein plaintiffs also rely on operational procedure of defendant as creating a hazardous condition, there was, as was true of the lettuce fragment in the Trusell case, no testimony as to how the grapes came to be on the floor, how long they had lain there, or who placed them there. No testimony indicated whether they were caused to be on the floor by an employee or a customer. As related, this case is not concerned with the question of either actual or constructive knowledge.
A conclusion that the presence of the grapes on the floor was a result of operational negligence through employees of defendant that created the hazard claimed would necessitate conjecture. Circumstantial evidence in a civil action will not support jury inference if that evidence is purely speculative and is inadequate to produce an inference outweighing all contrary or opposing inferences. Food Fair Stores, Inc. v. Trusell, supra. See also Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403. Compare Food Fair Stores of Florida v. Moroni, Fla.App. 1959, 113 So.2d 275, in which the operational procedure utilized by a supermarket was deemed to present a jury issue upon the question of negligence.
In fairness to the trial judge, it should be pointed out that, in relying on the Trusell case as authority for submitting the cause to the jury, he did so on the basis of the district court's decision which, at the time of the trial, had not been quashed by the Supreme Court. Accordingly, we must reverse the judgments with direction to the trial judge to enter judgments consistent with this opinion.
Reversed.
SHANNON, C.J., and SMITH, J., concur.