MANN, Judge.
There is ambiguous testimony in this record which supports the jury’s verdict for the plaintiff. The trial judge properly allowed the case to go to the jury and *746 entered judgment on its verdict. We must view the record most favorably to the plaintiff and conclude that this case is differentiated from Winn-Dixie Stores, Inc. v. Manning, Fla.App. 1962, 143 So.2d 339, in that there the grapes on which plaintiff slipped were piled in a bin by the store’s employees and here the water on which plaintiff slipped was “coming from the water cooler” which admittedly could overflow and had to be manually emptied. Appellant asks us to find the plaintiff’s evidence incredible, but that argument is properly addressed to a jury. At least as a matter of law negligence may be inferred from the facts proven.
Affirmed.
HOBSON, C. J., and LILES, J., concur.