253 So.2d 268 (1971)
Lillie Mae LEE and Lonnie E. Lee, Her Husband, Appellants,
v.
The SOUTHLAND CORPORATION, a Delaware Corporation, Appellee.
No. 70-701.
District Court of Appeal of Florida, Second District.
September 8, 1971.
Rehearing Denied November 4, 1971.
George W. Phillips, Tampa, for appellants.
Scott Charlton, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellee.
PIERCE, Chief Judge.
In this case Lillie Mae Lee and Lonnie E. Lee, her husband, appeal to this Court from a judgment entered against them by the Hillsborough County Circuit Court in a case wherein they were suing The Southland Corporation, a Delaware corporation, appellee here and defendant below, for injuries sustained when Mrs. Lee slipped and fell at the front entrance of a 7-Eleven store owned and operated by Southland, and an accompanying cost judgment against the Lees.
At the trial, the Lees testified that Mrs. Lee slipped on a piece of gummed tape. She stated that at the time she did not know what caused her to fall but assumed it was the piece of paper in question. Mr. *269 Lee testified that the Store Manager after the accident picked up a piece of brown tape 4 to 6 inches long, from her foot. Neither knew, of course, how long the gummed tape had been on the floor, nor directly how it got there. The Store Manager stated that the only tape the 7-Eleven stores normally carried for sale was cellophane or scotch tape and that groceries and other products were normally unloaded in front of the store but that no deliveries were received on Sundays, which was the date of the accident.
The Lees tendered testimony of a former employee of 7-Eleven, one Bexley, who had worked in approximately ten different 7-Eleven stores and was familiar with their operating procedures, although he had never worked in this particular store. He stated that the uniform procedure at 7-Eleven stores was for merchandise to be unloaded at the front of the store and that gummed tape was used in packaging certain merchandise coming into the stores. The trial Court excluded the testimony of Bexley and at the conclusion of plaintiffs' case granted Southland's motion for directed verdict, later entering final judgment and the cost judgment. The Lees appeal to this Court and contend that the case should not have been peremptorily taken from the jury. We agree and reverse.
It would serve no good purpose here to further attempt to analyze the evidence in more detail. In a tort action the trial Court should always be extremely chary in directing a verdict at trial, the same as entering a summary judgment before trial. The jury could have found as a reasonable inference that the gummed tape in question had been utilized by Southland in a previous delivery of merchandise to the store; in which event, by its very nature, it could have constituted a hazard for customers or others walking into or out of the store. This is not to even infer that such was actually the case or that the jury would necessarily have so found. It is simply to say that such was within the orbit of legal possibility. It is better that the factual issues be resolved by a jury.
Reversed.
HOBSON and MANN, JJ., concur.