JOHNSON, Judge.
Appellant, defendant below, appeals an adverse judgment entered upon a jury verdict awarding appellees $9,000.00 in damages.
This is a typical “slip and fall case” wherein we are asked to determine whether there was competent, substantial evidence to support the jury verdict.
The factual situation as revealed by the record on appeal and the briefs filed herein indicate that the appellee Elvira M. Garland walked into appellant’s store to buy groceries. She approached the shopping basket area, a space reserved for incoming customers, skidded and slipped on something and fell to the floor, sustaining injuries. After the fall, she identified the object she slipped on as being a piece of onion top. She thought a nearby shopping basket, the one she had reached for before falling, contained some green onion tops.
The store manager, who was standing within twelve feet of the accident site, stated in his report to the company that appellee had fallen on an onion. He testified that employees of the store were to check the shopping baskets for debris before returning them to the racks for the use of incoming customers. Although there were no regular schedules for inspections, all employees were supposed to inspect the floor areas for foreign materials. Said manager did not know when the area around the baskets had last been inspected.
Appellant contends in this appeal that there was not competent, substantial evidence to support the jury verdict. It is contended that appellees failed to prove their charge of negligence. We disagree.
We are of the opinion that there were sufficient facts, and inferences to be *45 drawn therefrom, from which the jury could reasonably infer that the onion top fell from a shopping basket which appellant had negligently failed to clean out. The facts constitute a jury question and were resolved by the jury adversely to appellant. It is not this court’s province to substitute its judgment for that of the trier of facts. The credibility of the testimony and the weight of the evidence are peculiarly jury questions, and the findings of the jury will not be disturbed in the absence of a clear showing that the evidence demonstrates that the conclusions reached are erroneous. No such showing has here been made.
We have considered appellant’s remaining point of error and find it to be without merit.
The judgment appealed herein is therefore affirmed.
RAWLS, Acting C. J., and McLANE, RALPH M., Associate Judge, concur.