281 So.2d 302 (1973)
Dorothy I. MONTGOMERY and Elbert Montgomery, Petitioners,
v.
FLORIDA JITNEY JUNGLE STORES, INC., a Corporation, and Globe Indemnity Company, Respondents.
No. 43048.
Supreme Court of Florida.
May 2, 1973.
*303 R.P. Warfield, Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for petitioners.
Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 267 So.2d 32. Our jurisdiction is based upon conflict between the decision sought to be reviewed and Jenkins v. Brackin,[1] and Little v. Publix Supermarkets, Inc.[2] The facts of the case are as follows:
Plaintiff, petitioner herein, slipped on a collard leaf on the floor of respondent's grocery store, and sustained serious personal injuries. The accident occurred while plaintiff was a customer in the store. There was no direct evidence submitted as to how the collard leaf got on the floor, or how long it had been there. However, plaintiff did submit evidence that she and her husband had been in the area of the fall for fifteen minutes prior to the accident; that there were no other shoppers around the area where she fell; that no one swept the floor while they were there; and, at the time of the fall, that there were two store employees in that portion of the store where the accident occurred. Plaintiff's husband testified that the collard leaf was old, wilted and dirty looking, and that there was water on the floor at the point where plaintiff fell.
The jury returned a verdict for the plaintiff. On appeal, respondent contended that petitioner could not rely on the foregoing circumstantial evidence as to the length of time the collard leaves had been on the floor, since there was direct testimony, from several employees, that the store employees had swept the floor just before petitioner entered the produce aisle, and that an employee had passed through the area about two minutes before the fall and saw no collard leaves on the floor. The District Court reversed and remanded, with directions to direct a verdict for the defendants on the grounds that the evidence did not show that the collard leaf had been on the floor for such a length of time as to permit discovery by the store employees.
We hereby reverse the District Court, for reasons which will be set out below.
Since there was a conflict in the evidence, the trial court properly submitted the matter to the jury. This principle was aptly enunciated in First Gulf Beach Bank & Trust Company v. Alvarez,[3] which also involved a slip and fall injury:
"There is ambiguous testimony in this record which supports the jury's verdict for the plaintiff. The trial judge properly allowed the case to go to the jury and enter judgment on its verdict. We must view the record most favorably to the plaintiff... . Appellant asks us to find the plaintiff's evidence incredible, but that argument is properly addressed to a jury. At least as a matter of law negligence may be inferred from the facts proven."[4]
*304 It is fundamental that it is within the exclusive province of the jury to determine the weight of the evidence and its probative force and to reconcile its contradictions, if possible. See e.g., Parsons v. Reyes,[5] Tooley v. Margulies.[6]
In affirming a judgment for the plaintiffs in another "typical slip and fall" case, where the plaintiff wife slipped on a piece of onion top on the floor near some shopping carts, the District Court of Appeal, First District, in Winn-Dixie Stores, Inc. v. Garland,[7] held that:
"... . The facts constitute a jury question and were resolved by the jury adversely to appellant. It is not this court's province to substitute its judgment for that of the trier of facts. The credibility of the testimony and the weight of the evidence are peculiarly jury questions, and the findings of the jury will not be disturbed in the absence of a clear showing that the evidence demonstrates that the conclusions reached are erroneous."[8]
In one of the cases relied upon by petitioners as a basis for conflict jurisdiction, Jenkins v. Brackin,[9] the District Court of Appeal, Second District, reversed a summary judgment for the defendant in a case involving an almost identical factual situation to the case sub judice. There, the customer slipped on a string bean which was on the floor, two or three feet from the vegetable bin. At the time the accident occurred, the plaintiff and her husband were the only customers in the store for fifteen or twenty minutes prior to her fall. The court recited that there was no evidence from which it could be inferred that this bean was on the floor as a result of an act of the defendant or one of his employees, nor was there any evidence that the defendant had actual knowledge of the dangerous condition of his floor. The plaintiff's theory of liability depended upon whether the evidence brought the case within the rule that the proprietor of a public building may be held liable if, by the exercise of reasonable prudence, he should have discovered the dangerous condition. The Second District held:
"While it may be true that there is no direct evidence of how long the bean was on the floor, it is inaccurate to say there is no evidence of such matter. Certainly the proof that the defective condition existed long enough so that it should have been discovered may be proved, like any fact, by circumstantial evidence."[10]
The only circumstantial evidence in Jenkins was that, for a period of fifteen or twenty minutes prior to the plaintiff's fall, no one examined the floor in front of the vegetable bin where the plaintiff fell and no one swept the floor during that time.
In the other case relied on for jurisdictional purposes, Little v. Publix Supermarkets, Inc.,[11] the District Court of Appeal, Fourth District, reversed a directed verdict for the defendant in a slip and fall case. Mrs. Little had fractured her ankle when she slipped on a clear liquid on the defendant's floor. During the time she was in the aisle where her fall occurred, she neither saw nor heard anyone except a woman with whom she spoke for some fifteen to twenty minutes. While she was having this conversation, she heard nothing drop, spill or break, and after her conversation she proceeded down the aisle and, upon encountering the liquid, fell. In holding that this evidence presented a jury issue, the court concluded that a permissible inference to be drawn from the evidence was that the liquid had been on *305 the floor for at least fifteen or twenty minutes. The Fourth District held:
"In this case, once the inference has been drawn that no one else was in the aisle for 15-20 minutes (during which nothing dropped, broke or spilt) there is no other reasonable inference to indulge in than that the liquid was on the floor for at least 15-20 minutes prior to the fall. We consider this time could be deemed sufficient for the defendant to be charged with knowledge of the condition and a reasonable time in which to correct it."[12]
In a recent case, Winn-Dixie Stores, Inc. v. Williams,[13] the jury awarded a verdict for the plaintiff in a slip and fall case, and the defendant appealed. The plaintiff was a customer in a grocery store owned by the defendant and, after going to the checkout counter, she returned to pick up an item she had forgotten. While returning to the checkout lane, she slipped upon a sticky substance on the aisle floor and sustained injuries. The defendant's store manager, as in the instant case, testified he inspected the aisle in the area where the plaintiff fell fifteen to twenty minutes prior to the accident and saw no hazardous condition. After noting the general rule that the owner of premises will not be held liable if the record fails to show either how the condition was created, the length of time the condition existed before the accident, or that the store owner was responsible for the condition, the District Court of Appeal, Third District, stated the exception to that rule to be that the owner or occupant of a store may still be held liable for injuries if the dangerous condition on the floor existed for a sufficient length of time to charge the defendant with constructive knowledge. The Third District observed that there were two factors relied upon to circumstantially prove that the hazardous condition existed long enough to charge the defendants with constructive knowledge. First, the plaintiff and another witness testified that the substance on the floor was "sticky, dusty and dirty":
"... . This indicates that the substance was present on the floor for a sufficient period of time to constitute notice... ."[14]
Second, in that case, the defendant's manager stated he made periodic inspections by walking through the store to check for any irregularities and had gone through the aisle where the plaintiff fell fifteen to twenty minutes before the accident occurred. The court concluded that the substance was in the aisle for fifteen to twenty minutes prior to the accident and held:
"We consider the period of time the substance remained on the floor, at least fifteen to twenty minutes, to be sufficient for defendants to be charged with knowledge of the condition and a reasonable time in which to correct it..."[15]
In Winn-Dixie Stores, Inc. v. Burse,[16] the plaintiff fell on a plastic container top from a six-pack of beer and received a favorable jury verdict. Defendant, on appeal, contended the evidence was insufficient for the jury to impute constructive knowledge of the hazard to the store owner. The only evidence bearing on the issue of constructive knowledge was the fact that an examination of the plastic container top revealed it was "filthy and scuffed up". The court held this was sufficient for the jury to impute constructive knowledge to the store owner.
In Lee v. The Southland Corporation,[17] the plaintiff was injured when she slipped and fell in front of the defendant's store. *306 She did not know what caused her to fall, but assumed it was a piece of tape which she and her husband and the store manager found by her foot. Neither knew how long the tape had been there nor how it got there. The only evidence that plaintiffs offered was the testimony of a former employee who was familiar with operating procedures of other similar stores owned by the defendant. He said it was the custom to unload merchandise in front of the store and that gummed tape was used in packaging certain merchandise. The trial court excluded that testimony and granted the defendant's motion for directed verdict. The District Court of Appeal, Second District, reversed and held:
"... . The jury could have found as a reasonable inference that the gummed tape in question had been utilized by Southland in a previous delivery of merchandise to the store; in which event, by its very nature, it could have constituted a hazard for customers or others walking into or out of the store. This is not to even infer that such was actually the case or that the jury would necessarily have so found. It is simply to say that such was within the orbit of legal possibility. ..."[18]
There are a number of Florida cases holding that a store owner is not liable for injuries sustained by customers who slipped and fell as a result of a foreign substance on the floor, when the customers cannot prove how the foreign substance got on the floor, or who put it there, or how long it had been there. In each of these cases, however, when the facts are carefully analyzed, there is no proof, either direct or circumstantial that would give rise to an inference that the foreign substance had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence. In the instant case, however, sufficient proof, albeit circumstantial in nature, existed to allow the trial court to properly submit the question of defendant's negligence to the jury.
In view of the foregoing, the decision of the District Court is quashed and the cause remanded with directions that the verdict of the jury be reinstated and judgment entered accordingly.
It is so ordered.
CARLTON, C.J., and ERVIN and McCAIN, JJ., concur.
DEKLE, J., dissents.
NOTES
[1] 171 So.2d 589 (Fla.App.2d 1965).
[2] 234 So.2d 132 (Fla.App.4th 1970).
[3] 227 So.2d 745 (Fla.App.2nd 1969).
[4] Id. at 745-746.
[5] 238 So.2d 561 (Fla. 1970).
[6] 79 So.2d 421 (Fla. 1955).
[7] 254 So.2d 44 (Fla.App.1st 1971).
[8] Id. at 45.
[9] See note 1, supra.
[10] 171 So.2d at 591.
[11] See note 2, supra.
[12] 234 So.2d at 134.
[13] 264 So.2d 862 (Fla.App.3rd 1972).
[14] Id. at 863.
[15] Id. at 864.
[16] 229 So.2d 266 (Fla.App.4th 1969), cert. denied, 237 So.2d 180 (Fla. 1970).
[17] 253 So.2d 268 (Fla.App.2d 1971).
[18] Id. at 269.