739 So.2d 171 (1999)
WAL-MART STORES, INC., Appellant,
v.
Onez B. JENKINS, Appellee.
No. 98-3231.
District Court of Appeal of Florida, Fifth District.
August 25, 1999.
Vincent M. D'Assaro and Kenneth B. Rugh of D'Assaro & Hall, P.A., Orlando, for Appellant.
James L. Rose and Paul E. Rice, Jr. of Rice, Rose & Snell, P.A., Daytona Beach, for Appellee.
PER CURIAM.
Wal-Mart Stores, Inc. appeals a final judgment in favor of Onez B. Jenkins. Jenkins sued Wal-Mart for negligence alleging that she slipped and fell in its Orange City store as a result of a foreign substance on the floor. Her cause of action depended upon her self-serving testimony that, within seconds of her falling, a number of people gathered around her and she heard an unidentified voice, which she thought to be female, say, "This should have been mopped up 15 minutes ago." It was on the basis of this quoted statement that Jenkins attributed to Wal-Mart constructive notice of the substance on the floor. See Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973). Jenkins argued that the hearsay statement was admissible under section 90.803(1), Florida Statutes (1997) which reads:
(1) SPONTANEOUS STATEMENT.
A spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.
The statement of the declarant, who was never identified or located, was admitted *172 by the trial court as a spontaneous statement. The jury returned a verdict for the plaintiff. We find the trial court erred in admitting the statement, and reverse the judgment.
A spontaneous statement is inadmissible if "made under circumstances that indicate its lack of trustworthiness." The fact that the statement at issue here was made by an unidentified bystander raises the question of reliability. Professor Ehrhardt states, "The drafters [of the evidence code] were particularly concerned with statements by unidentified bystanders. The court should weigh any corroborating evidence together with all other factors in making this determination." Ehrhardt, Florida Evidence § 803.1 (1999 Edition). There was no evidence to establish that the phantom declarant was even in the store 15 minutes before the fall in order to "perceive the event," nor was there evidence that the declarant actually observed the substance on the floor at any time prior to the fall. Indeed, the allowance of this type of nebulous evidence, which cannot be effectively challenged, is an open invitation to fraud.
REVERSED AND REMANDED.
COBB, HARRIS and THOMPSON, JJ., concur.