[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15083
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80360-DMM


THERESA PUSSINEN,

Plaintiff - Appellant,

versus

TARGET CORPORATION,
a foreign corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 16, 2018)

Before WILLIAM PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Theresa Pussinen appeals the district court's grant of summary judgment in favor of Target Corporation on her negligence claim under Florida state law. Pussinen sustained personal injuries when she slipped and fell on a liquid substance while shopping at one of Target's stores. After her lawsuit was removed to federal court based on diversity jurisdiction, the district court granted summary judgment to Target. On appeal, Pussinen challenges the court's ruling that she failed to present the required evidence that Target had constructive knowledge of the slippery substance on the floor. After careful review, we agree with the district court and therefore affirm.

## I

We review *de novo* the district court's grant of summary judgment, construing the evidence and drawing all reasonable inferences in favor of Pussinen, the non-moving party. *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1317 (11th Cir. 2015). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Pussinen's negligence claim arises under Florida law, which is the substantive law that we apply in this diversity case. *Carlson*, 787 F.3d at 1326. In Florida, a person who "slips and falls on a transitory foreign substance in a business establishment … must prove that the business establishment had actual or

constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).

Pussinen does not claim—and the evidence does not show—that Target had actual knowledge of the liquid substance on which she slipped. Thus, to prove her claim, Pussinen needed to prove that Target had constructive knowledge. Under Section 768.0755, "[c]onstructive knowledge may be proven by circumstantial evidence showing that: (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) The condition occurred with regularity and was therefore foreseeable." *Id.* § 768.0755(1)(a)–(b). Pussinen relies on both prongs.

## A

The first question is whether circumstantial evidence "give[s] rise to an inference that the foreign substance had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence." *Montgomery v. Fla. Jitney Jungle Stores, Inc.*, 281 So. 2d 302, 306 (Fla. 1973). Circumstantial evidence of the passage of time may include "dirt, scuffing, or tracks in a substance." *Woods v. Winn Dixie Stores, Inc.*, 621 So. 2d 710, 711 (Fla. Dist. Ct. App. 1993). "[T]he mere presence of [a substance] on the floor is not enough to establish constructive notice." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. Dist. Ct. App. 2011).

3

In the light most favorable to Pussinen, the evidence showed that on December 19, 2014, she slipped and fell on a liquid substance that was on the floor of a main aisle near the toy department in a Super Target store. She did not see the substance before slipping in it, and she concedes that the liquid was clear and had no track or dirt marks in it. Joshua Stevens, an employee working nearby, heard Pussinen fall and came to help. He later testified that Target is usually busy during the holidays and that the store was "short-staffed" that night. He further testified that he had not walked the aisle where Pussinen fell for at least 15 minutes before her fall.

Those facts are not disputed, but the parties disagree about what permissible inferences may be drawn from them. Although Florida law provides the substantive rule of decision in this diversity case, we must decide the propriety of summary judgment "in accordance with the federal standards fixed in Rule 56[]" of the Federal Rules of Civil Procedure. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).[1] An inference must be "reasonable" to defeat a motion for summary judgment. *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982). A reasonable inference is one that a "reasonable and fair-minded [person] in the exercise of impartial judgment might draw from the evidence." *Id.* (internal quotation marks omitted).

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

Reasonable inferences may rest in part on conjecture, "for an inference by definition is at least partially conjectural." *Id.* But a jury cannot be "allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility." *Id.* "Such an inference is infirm because it is not based on the evidence." *Id.*

Pussinen cites the following "circumstantial evidence," which she argues permits the inference that the liquid was on the floor for such a length of time that Target had constructive knowledge of its existence: (1) that the Super Target store contained a grocery section and café section that sold beverages for consumption in the store; (2) that the fall happened in the "toy department during the holiday season where children of all ages frequent with drinks and/or bottles"; (3) that the store was "short-staffed" that night; (4) that there was no video surveillance of the area of the fall; (5) that the "Leader on Duty" at the store that night "had no idea when someone had last walked that area"; (6) that Stevens testified that he had not walked by the area where Pussinen fell in the 15 minutes before the fall; and (7) that it was "uncertain whether there were markings in the water as Ms. Pussinen's clothing soaked up most of the water." Br. of Appellant at 21.

We conclude that Pussinen's evidence is not enough for a reasonable jury to infer that the clear liquid substance "had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence."

5

*Montgomery*, 281 So. 2d at 306.   Pussinen concedes that she "does not know how long the water [was] on the floor before she fell."  Br. of Appellant at 21.  The only evidence she has presented regarding timing is the testimony of one employee—Stevens—who testified that the last time he walked through the area where Pussinen fell was "more than fifteen minutes" before the fall.

But a jury could not reasonably infer that the liquid was on the floor for more than fifteen minutes based solely on Stevens' testimony.  Pussinen does not contend that Stevens was the only employee working in the store that night, or even that he was the only employee working in that area of the store.  Thus, that Stevens didn't walk by the area of the fall in the 15 minutes before the incident doesn't mean that another employee didn't.  It therefore would be pure speculation for a jury to conclude, based solely on Stevens' testimony, that no Target employee had inspected the area for more than 15 minutes, or that the liquid was on the floor for more than fifteen minutes before Pussinen's fall.  *Cf. Miller v. Big C Trading, Inc.*, 641 So. 2d 911, 912 (Fla. Dist. Ct. App. 1994) ("[T]he fact [that] there was no inspection for a given length of time in [and of] itself provides no proof that the [hazard] was actually there for a sufficient period to place a landowner on reasonable notice of its existence.") (citation omitted).

Moreover, as the district court noted, "[e]veryone, including [Pussinen] testified that the liquid was clear and had no track or dirt marks in it."

6

Accordingly, there were no signs of age that could support the inference that the liquid had been on the floor for such a length of time that Target should have known about it.  In sum, the record lacks any evidence from which a reasonable jury could conclude that the liquid had been on the floor for a period long enough to charge Target with constructive knowledge.

**B**

The second question is whether circumstantial evidence gives rise to the inference that the "condition occurred with regularity and was therefore foreseeable."  Fla. Stat. § 768.0755(1)(b).  Pussinen asserts, conclusorily, that it was "foreseeable that substances or items would appear on the floor in the particular area where [she] fell" for three reasons: (1) "Target knew that liquids, items, or substances would be found on the floor of the toy department during the holiday season"; (2) "a substance on the floor adjacent to toy department shelving, is undoubtedly a regular occurrence when the toy department is frequented by children of all ages, strollers, etc., during the holiday season"; and (3) "this was a Super Target which contained a grocery department as well as a café with beverages to purchase before or after shopping."  Br. of Appellant at 25.  But that string of assumptions does not satisfy Pussinen's burden to present *evidence* that the condition leading to her fall "occurred with regularity."  We therefore agree

7

with the district court that Pussinen has not met her burden of proving constructive notice based on a regularly occurring condition.

## II

For the reasons stated above, we affirm the district court's grant of summary judgment in favor of Target.

**AFFIRMED.**