# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-1238

_____

MAMADOU OUEDRAOGO,

    Appellant,

    v.

WALMART STORES EAST, LP d/b/a
WALMART SUPERCENTER STORE
#1408,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.


February 18, 2026

PER CURIAM.

Appellant, Mamadou Ouedraogo, appeals the trial court's order granting final summary judgment in favor of Appellee, Walmart Stores East, LP, following an incident where Appellant slipped and fell on a banana peel inside the entrance of a Walmart store. Appellant argues, and we agree, that summary judgment was improper. For the following reasons, we reverse.

In opposition to the summary judgment motion filed below, Appellant submitted surveillance footage and photographs showing the banana peel on Walmart's floor for almost eight minutes before his fall, with several employees nearby during that time and with at least one employee walking directly past the

banana peel. Appellant also submitted the deposition transcript of a Walmart employee who had been working as a customer host at the entrance of the store the day he fell. The employee testified that both she and another employee had been working as hosts that day and that she was in the vicinity to witness the aftermath of the fall. Despite this evidence, the trial court granted Appellee's summary judgment motion. In doing so, the court found:

> Though employees were arguably near the banana peel, it would be unreasonable to assume the employees would be able to observe and notice the banana peel, as doing so would have required them to turn their heads at least 90 degrees. The fact that the banana peel was on the floor for just under 8 minutes, is irrelevant.

This appeal followed.

We review the trial court's order de novo. *Gessner v. S. Co.*, 396 So. 3d 908, 910 (Fla. 1st DCA 2024). The federal summary judgment standard, which Florida has adopted, requires that a trial court grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quoting Fla. R. Civ. P. 1510). A court must enter summary judgment against a party who fails to make a showing sufficient to establish the existence of an element necessary to that party's case and upon which that party will bear the burden of proof at trial. *Id.* (citing *In re Amends. to Fla. Rule of Civ. Proc. 1.150*, 309 So. 3d 192, 193 (Fla. 2020). Pursuant to the federal standard, "[I]nferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation omitted); *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 259 (Fla. 2002) ("When reviewing the entry of summary judgment, an appellate court must examine the record and any supporting affidavits in the light most favorable to the non-moving party." (internal quotations omitted)).

Here, Appellant was an invitee at the Walmart store. Florida law makes clear that a premises owner owes a duty to its invitees to exercise reasonable care to maintain its premises in a safe condition. *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 330

(Fla. 2001). The existence of a transitory foreign object such as a banana peel on the floor is not a safe condition. *Id.* An invitee who is injured by such an object must prove at trial that the business had actual or constructive knowledge of the dangerous condition and should have remedied it. *See* § 768.0755(1), Fla. Stat. Under section 768.0755(1)(a)–(b), "Constructive knowledge may be proven by circumstantial evidence showing that: (a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) [t]he condition occurred with regularity and was therefore foreseeable." Appellant relies on subsection (1)(a) to demonstrate that he sufficiently proved there was a question of fact as to Appellee's constructive knowledge of the banana peel.

We agree with Appellant that he made a sufficient showing to support the element of constructive knowledge. He provided direct evidence that there were several employees in the area where the banana peel was located and that one employee walked right past it. *See Markowitz*, 826 So. 2d at 261 (holding that it was error to grant summary judgment where a question was sufficiently raised as to whether the business had constructive knowledge of the "unsafe condition" as there was evidence of employees in the vicinity where the invitee's fall occurred). Moreover, a trial judge cannot conclude as a matter of law whether the duration of which an object was on the floor is sufficient to create an issue of fact because that is a question within the jury's province. *See Montgomery v. Fla. Jitney Jungle Stores, Inc.*, 281 So. 2d 302, 306 (Fla. 1973) (explaining that where there was evidence that a "foreign substance had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence[,] . . . the trial court [] properly submit[ted] the question of defendant's negligence to the jury"). Because Appellee failed to show that there was no genuine issue of material fact as to whether it had constructive knowledge of the banana peel on its premises, we reverse.

REVERSED.

LEWIS, ROBERTS, and RAY,* JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Brian J. Lee of Morgan & Morgan, Jacksonville, for Appellant.

Daniel Weinger and Tabitha Gail Jackson of Luks, Santaniello, Petrillo, Cohen & Peterfriend, Tallahassee, for Appellee.

———————————

* Judge Ray was substituted for an original panel member in this proceeding after oral argument. She has reviewed the briefs, the record, and the recording of the oral argument.

4