330 So.2d 768 (1976)
Opal C. GRIZZARD and Warner L. Grizzard, Appellants (Plaintiffs),
v.
COLONIAL STORES, INC., d/b/a Big Star Foods, Appellee (Defendant).
No. X-290.
District Court of Appeal of Florida, First District.
April 13, 1976.
Rehearing Denied May 18, 1976.
*769 Clyde N. Wells, Jr., Jacksonville, for appellants.
John C. Taylor, Jr., of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
MILLS, Judge.
The question raised by this appeal is whether the trial court erred in directing a verdict in favor of the defendant in a slip and fall case.
While shopping in the Big Star grocery store, Mrs. Grizzard slipped in a foreign substance on the floor, fell, and injured herself.
Mrs. Grizzard does not contend that the substance was placed on the floor by an agent or servant of Big Star.
To hold Big Star liable for her injuries, Mrs. Grizzard must prove that the substance on the floor existed for a sufficient length of time to charge Big Star with constructive knowledge. This may be proved by circumstantial evidence. Winn Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla.App.3d, 1972).
The foreign substance in which Mrs. Grizzard slipped was identified as partially frozen, partially liquified orange juice concentrate. A partially opened can of orange juice concentrate which was partially frozen and partially liquified was found in a nearby freezer after the fall. A jury could find that the substance on the floor was there long enough to partially thaw. A jury could further find that the frozen concentrate was on the floor for a sufficient time to constitute notice. The manager-trainee made an inspection of the area where Mrs. Grizzard fell several minutes before her fall. But this is not to say that the substance could not have been on the floor and not seen by the manager-trainee. The color of the floor was similar to the color of the concentrate.
We consider the evidence sufficient to charge Big Star with constructive knowledge of the condition. Therefore, a jury issue is raised as to Big Star's negligence.
The final judgment for the defendant is reversed and set aside, and this case is remanded for a trial on all issues.
BOYER, C.J., and McCORD, J., concur.