350 So.2d 486 (1977)
Joan RUTECKI and Stanley Rutecki, Her Husband, Appellants,
v.
Rubin SORKIN, Appellee.
No. 76-1212.
District Court of Appeal of Florida, Third District.
September 13, 1977.
Rehearing Denied October 25, 1977.
*487 Highsmith, Strauss & Nelson and Leonard L. Elias, Miami, for appellants.
Richard M. Welsh, Joe N. Unger, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Plaintiff tenant seeks reversal of an adverse final summary judgment entered in favor of landlord in this action to recover damages for injuries sustained as a result of tenant slipping and falling on landlord's premises.
Defendant, Dr. Rubin Sorkin, is the owner of an apartment complex and has as one of his tenants the plaintiff-appellant, Joan Rutecki, who is friendly with the manager, Bonnie Georgoras. The record reflects that Georgoras asked Rutecki to help her clean up some garbage strewn on the sidewalk around one of the dumpsters in the rear of one of the buildings. Rutecki testified in her deposition that when she accompanied Georgoras to the subject area, she noticed the garbage strewn around consisted in part of broken glass and some slippery substance like mayonnaise or mustard; and upon stepping into the midst of this garbage and bending down to pick it up, she slipped and fell causing serious injury to herself. She then filed the instant negligence action against Dr. Sorkin. Following pretrial discovery, Dr. Sorkin moved for summary judgment which, after a hearing, was granted in his favor on the grounds that (1) he owed no duty to Rutecki, and (2) Rutecki assumed the risk. We reverse.
First, the Supreme Court recently abolished the doctrine of assumption of the risk and, therefore, the summary judgment cannot be sustained on this ground. See Blackburn v. Dorta,[1] 348 So.2d 287 (Fla.Supreme Court, opinion filed May 5, 1977).
Second, the alternative ground that defendant Sorkin owed no duty to Rutecki cannot support the entry of summary judgment in that the issue of whether defendant, under the circumstances, owed a duty to Rutecki is a question for the jury to determine. As our Supreme Court pointed out in Blackburn v. Dorta, supra, at pp. 290-291 in discussing the relationship of assumption of the risk to the issue of the duty, if any, on the part of a defendant to a plaintiff:
"The breed of assumption of risk with which we deal here is that which arises by implication or implied assumption of risk. Initially it may be divided into the categories of primary and secondary. The term primary assumption of risk is simply another means of stating that the defendant was not negligent, either because he owed no duty to the plaintiff in the first instance, or because he did not breach the duty owed. Secondary assumption of risk is an affirmative defense to an established breach of a duty owed *488 by the defendant to the plaintiff. Meistrich v. Casino Arena Attractions, [31 N.J. 44, 155 A.2d 90] supra.
* * * * * *
"It is apparent that no useful purpose is served by retaining terminology which expresses the thought embodied in primary assumption of risk. This branch (or trunk) of the tree of assumption of risk is subsumed in the principle of negligence itself. Under our Florida jury instructions, the jury is directed first to determine whether the defendant has been negligent, i.e., did he owe a duty to the plaintiff and, if so, did he breach that duty? To sprinkle the term assumption of risk into the equation can only lead to confusion of a jury. See McGrath v. American Cyanamid Co., [41 N.J. 272, 196 A.2d 238] supra (see footnote 3). An example of this concept is presented in the operation of a passenger train. It can be said that a passenger assumes the risk of lurches and jerks which are ordinary and usual to the proper operation of the train, but that he does not assume the risk of extraordinary or unusual lurches and jerks resulting from substandard operation of the train. The same issue can be characterized in terms of the standard of care of the railroad. Thus, it can be said that the railroad owes a duty to operate its train with the degree of care of an ordinary prudent person under similar circumstances which includes some lurching and jerking while a train is in motion or commencing to move under ideal circumstances. So long as the lurching or jerking is not extraordinary due to substandard conduct of the railroad, there is no breach of duty and, hence, no negligence on the part of the railroad. The latter characterization of the issue clearly seems preferable and is consistent with the manner in which the jury is instructed under our standard jury instructions."
Last, defendant in his brief readily admits that the correctness of the summary judgment is based in large part upon the applicability of the doctrine of assumption of the risk which now has been merged into the doctrine of comparative negligence under the holding in Blackburn, supra.
Accordingly, the summary judgment is reversed and the cause remanded to the trial court for further proceedings. Cf. Carlin v. Goldman Industries, Inc., 347 So.2d 827 (Fla. 3d DCA, opinion filed July 6, 1977).
Reversed and remanded.
NOTES
[1] This opinion was not available to the trial judge at the time he entered the summary final judgment in this action.