358 So.2d 1385 (1978)
Richard L. SCHMIDT and Nancy Schmidt, Appellants,
v.
BOWL AMERICA FLORIDA, INC., a Florida Corporation, and Proprietors' Insurance Company, Foreign Insurance Corporation, Appellees.
No. 77-228.
District Court of Appeal of Florida, Fourth District.
May 31, 1978.
*1386 Thomas V. Infantino, of Felder & Berman, Winter Park, for appellants.
Jeff B. Clark, of Clark & Freedman, P.A., Orlando, for appellees.
LETTS, Judge.
The complaint sought damages against a defendant bowling alley resulting from a slip and fall while bowling. The bowling alley's Motion for Summary Judgment was granted by the trial court, and the injured plaintiff's Motion for Rehearing, alleging genuine issues of material fact precluding a Summary Judgment, was denied. The Final Judgment stated that plaintiff "did not see the yellow marking crayon ... until after he slipped on it." The trial court concluded that the defendant bowling alley did not have constructive notice of the existence of the marking crayon prior to the slip, and that there were insufficient facts from which to infer that the crayon had been lying on the floor for a "sufficient length of time." We reverse.
The bowling alley allowed "moonlight bowling" so called because the main lights over the bowling approachways and lanes are turned off. The "grease pencils" used in scoring are yellow and similar in color to the floor coloring. The bowling alley issued, replaced and collected the special marking pencils used for scoring. On the day in question, the lanes and approachways were swept at approximately 6:00 P.M. and not after. Later, the Presbyterian Bowling League used Lane 7 from 7:00 P.M. to 10:00 P.M., at which time all lights were on. Moonlight bowling later began and appellant commenced bowling at 11:30 P.M. No other bowlers had bowled on Lane 7 after the Presbyterian Bowling League completed its play. Immediately after his fall, appellant discovered a streak of marking crayon on the approachway at the exit where he fell. A similar streak was found on the bottom of his shoe.
The bowling alley owes a bowler the duty to exercise reasonable care to maintain the alley in a safe condition and to guard against subjecting him to known dangerous conditions or those which reasonably might have been foreseen. Nance v. Ball, 134 So.2d 35 (Fla. 2nd DCA 1961). In a Motion for Summary Judgment, the opposing party is entitled to the benefit of all inferences reasonably to be drawn from the facts disclosed. All evidence, including the bowler's status as a business invitee, must be viewed in the light most favorable to the party moved against, Gordon v. Hotel Seville, Inc., 105 So.2d 175 (Fla. 3rd DCA 1958), with all doubts and inferences resolved against the movant. City of Saint Petersburg v. Norris, 335 So.2d 333 (Fla. 2nd DCA 1976).
Appellant acknowledges that the bowling alley did not have actual knowledge of the dangerous condition. Nonetheless, a commercial establishment may still be held liable for injuries, if the dangerous condition on the floor has existed for a sufficient length of time to charge the owner with constructive knowledge, Montgomery v. Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973). The proof may be direct or circumstantial, Montgomery, supra. All inferences of fact from the depositions, interrogatories and pleadings must be drawn against the party moving for Summary Judgment, Leaks v. Adeimy, 195 So.2d 47 (Fla. 4th DCA 1967). A Summary Judgment is not proper if the facts are reasonably susceptible of conflicting inferences, Touart v. Gonzalez, 156 So.2d 656 (Fla. 1st DCA 1963).
*1387 Applying the above principles of law to the facts here, it must be concluded that the trial court erred in granting the Summary Judgment since there existed sufficient circumstances to warrant allowing a jury to determine whether a reasonable time for discovery of the dangerous condition existed. Jenkins v. Bracklin, 171 So.2d 589 (Fla. 2nd DCA 1965). Evidence that no inspection had been made during a particular period of time prior to an accident may warrant an inference that the dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery. Jenkins, supra. In Lee v. The Southland Corporation, 253 So.2d 268 (Fla. 2nd DCA 1971), the plaintiff was injured when she slipped and fell in front of the defendant's store. The District Court of Appeal reversed the directed verdict and said:
"... The jury could have found as a reasonable inference that the gummed tape in question had been utilized by Southland in a previous delivery of merchandise to the store; in which event, by its very nature, it could have constituted a hazard for customers or others walking into or out of the store. This is not to even infer that such was actually the case or that the jury would necessarily have so found. It is simply to say that such was within the orbit of legal possibility..."
Id. page 269
In view of the rule that all doubts are to be resolved against the granting of a Summary Judgment and in favor of a trial on the merits, Peoples Gas System, Inc. v. B & P Restaurant Corp., 271 So.2d 804 (Fla. 3rd DCA 1973), the judgment of the trial court is hereby reversed.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
CROSS and ANSTEAD, JJ., concur.