382 So.2d 873 (1980)
Melena BENNETT and Harry Bennett, Her Husband, Appellants,
v.
William G. MATTISON and Barbara J. Mattison, His Wife, D/B/a Casa Marina Apartments, and United States Fidelity and Guaranty Insurance Company, an Insurance Corporation, Appellees.
No. OO-147.
District Court of Appeal of Florida, First District.
April 24, 1980.
*874 Rodney S. Margol, of Allen, Margol, Fryefield & McCaulie, Jacksonville, for appellants.
Charles Cook Howell, Jr., Gainesville, for appellees.
SHIVERS, Judge.
Appellants brought a slip and fall personal injury action against appellees. Following the presentation of all evidence, the trial court entered a directed verdict in favor of the movant appellees. This appeal is from the final judgment entered pursuant to the directed verdict. Appellants correctly contend that the case should have been submitted to the jury. Accordingly, we reverse the final judgment and remand the case for a new trial.
Melena Bennett, a tenant and part-time employee of the Casa Marina Apartments, slipped and fell in a hallway at the apartment complex on July 9, 1978. This hallway led to a beach-front patio. Both the hallway and the patio were provided for the common use and benefit of the tenants.
On the day of the fall, Melena was at work in the apartment complex's office when she received complaints that unauthorized persons were using the patio. Melena left the office, walked through the hallway, and straightened out the problem on the patio. Her mission accomplished, she began her return to the office. While walking down the hallway, she slipped on a wet spot on the tile floor of the hallway and fell. The apartment manager testified that she had received numerous complaints from tenants about the slippery condition of the hallway when it was wet and that she had actually seen people slip in the hallway before Melena's accident. The apartment manager had advised the apartment owners *875 both orally and in writing that the hallway was slippery when wet. There was evidence that water accumulated in the hallway on a daily basis, but there was no evidence as to how or when the water which contributed to Melena's fall got on the floor. The person employed by the owners to sweep the hallway floor was out of town on the day of the accident and for the two days preceding the accident. There was additional testimony that there was no procedure for the inspection of the hallway.
The complaint alleged that the appellees had negligently maintained the hallway. The trial court directed verdict in favor of the appellees, primarily on the grounds that there had been no proof as to how or when the water which contributed to Melena's fall came to be on the hallway floor. This evidence was not essential to appellant's recovery.
The repeated verbal and written warnings to the owners that the hallway was slippery and dangerous put them on notice of the recurring nature of the problem and created a jury question as to whether the landlords exercised reasonable care to guard against a foreseeable danger. Manassa v. New Hampshire Insurance Company, 332 So.2d 34 (Fla. 1st DCA 1976). Since both the hallway and patio were provided for the common use and benefit of the tenants, appellees were required by Section 83.51(2)(a)3, F.S. (1977) to keep these areas safe and clean. The violation of this statutory duty would be evidence of negligence. See de Jesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla. 1973). Cf. 2 Restatement of Torts 2d, § 288B.
Appellees argue that Melena's recovery is barred because of her superior knowledge of the slippery condition of the hallway. We reject this argument for two reasons. First, whether Melena had superior knowledge is a question for the jury. Second, Melena's knowledge, if any, would present an issue of comparative negligence and would not bar her recovery.
Appellees cannot be charged with either actual or constructive knowledge of the existence of the precise water that contributed to Melena's fall because appellant could not prove how or when the water came to be on the floor. However, appellants were entitled to submit the case to the jury under the theory that (1) appellees failed to take reasonable care to prevent water from coming on the floor; (2) appellees failed to take reasonable care by not having an inspection procedure to discover water on the floor and to clean it up; or (3) appellees failed to take reasonable care by not making the floor less slippery when water came to be on it.
The direction of a verdict should be cautiously given and all inferences of fact should be construed most strictly in favor of the nonmovant. Thundereal Corp. v. Sterling, 368 So.2d 923 (Fla. 1st DCA 1979).
Reversed and remanded for new trial.
SHAW, J., concurs.
ERVIN, J., specially concurs with opinion.
ERVIN, Judge, specially concurring.
While I agree without reservation that a jury question was raised as to whether Mrs. Bennett's injuries were caused by the negligence of the landlord, my concurrence is based primarily upon Section 83.51(2)(a), placing the burden upon a landlord to make reasonable provisions for the clean and safe condition of common areas. In my judgment the statute, to that limited extent, removes the common law rule absolving the landlord from any duty to his tenants for injuries caused to them by defects on the leased premises, unless his knowledge of the defect is superior to that of the tenant. See Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946); Wingard v. McDonald, 348 So.2d 573 (Fla. 1st DCA 1977), and Ball v. Ates, 369 So.2d 1023 (Fla. 1st DCA 1979), applying the rule similarly to business invitees.
Absent a statute, I think it questionable whether the rule of caveat emptor or caveat lessee is still applicable since the adoption of comparative negligence in Florida, announced *876 in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), and the rule in Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), holding that the affirmative defense of implied assumption of risk has merged into the defense of comparative negligence. At least two decisions in Florida have permitted actions by tenants against landlords on comparative negligence principles. See Alexander v. Fiftieth Street Heights Co., 334 So.2d 161 (Fla.3d DCA 1976) and Rutecki v. Sorkin, 350 So.2d 486 (Fla.3d DCA 1977). For a more exhaustive study of the problem, see Mansur v. Eubanks, 368 So.2d 645, 647 (Fla. 1st DCA 1978) (Ervin, J., concurring).
By analogy, in products liability cases, it is no defense to a strict liability action that the consumer may have been contributorily negligent by failing to discover a defect in the product or by failing to guard against the possibility of the existence of a defect. West v. Caterpillar Tractor Company, 336 So.2d 80, 89-90 (Fla. 1976).
This is a murky area of the law and hopefully one which will soon be resolved by the Florida Supreme Court.