436 So.2d 1075 (1983)
Anne E. NANCE, Appellant,
v.
WINN DIXIE STORES, INC., a Florida Corporation, Appellee.
No. 82-1153.
District Court of Appeal of Florida, Third District.
September 6, 1983.
*1076 Daniels and Hicks and Patrice A. Talisman, Rentz & Rust, Miami, for appellant.
Gerald E. Rosser, Miami, for appellee.
Before HENDRY, HUBBART and JORGENSON, JJ.
HENDRY, Judge.
Appellant in this slip and fall case contests the denial of her motion for a new trial following a jury trial which found for appellee Winn Dixie. Because we find that prejudicial error occurred below, we reverse and remand for a new trial.
Appellant had just purchased four one-half gallon bottles of orange juice and was near the exit door of appellee supermarket when she fell and injured herself. Appellant testified that she believed she slipped on a cash register receipt which she found stuck to the bottom of her shoe. Appellee's arguments below were that appellant's fall was caused by her own negligence in wearing high heeled shoes while shopping and that she failed to prove that appellee had either actual or constructive notice of the cash register tape on the floor, thereby failing to prove that appellee was negligent. Appellant responds on appeal by arguing that the trial court precluded her from proving appellee's constructive notice by refusing to allow testimony on prior accidents and conditions and by refusing to allow appellee's safety manual to be admitted into evidence. She had also requested an instruction on constructive notice which the trial court refused to give.
It is well settled that in order to recover for injuries received in a slip and fall accident, a plaintiff must show either that the storekeeper had actual notice of the condition or that the dangerous condition existed for such a length of time that in the exercise of ordinary care the storekeeper should have known of it and taken action to remedy it or to guard the plaintiff from harm therefrom. This latter fact may be proved by circumstantial evidence. Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973); Camina v. Parliament Insurance Co., 417 So.2d 1093 (Fla. 3d DCA 1982); Burmeister v. American Motorists Insurance Co., 403 So.2d 541 (Fla. 4th DCA 1981); Winn-Dixie Stores, Inc. v. Guenther, 395 So.2d 244 (Fla. 3d DCA 1981); Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So.2d 212 (Fla. 3d DCA 1979); Marlowe v. Food Fair Stores of Florida, Inc., 284 So.2d 490 (Fla. 3d DCA 1973), cert. denied, 291 So.2d 205 (Fla. 1974); Food Fair Stores of Florida, Inc. v. Moroni, 113 So.2d 275 (Fla. 2d DCA 1958), cert. denied, 115 So.2d 414 (Fla. 1959).
It is equally well settled that a plaintiff may use evidence of the occurrence or non-occurrence of prior or subsequent accidents to prove constructive notice of the dangerous character of a condition. Perret v. Seaboard Coast Line Railroad Co., 299 So.2d 590 (Fla. 1974); Lasar Manufacturing Co., Inc. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983); Reinhart v. Seaboard Coast Line Railroad Co., 422 So.2d 41 (Fla. 2d DCA 1982); Bucyrus-Erie Co. v. Hessey, 421 So.2d 672 (Fla. 3d DCA 1982); Wood v. Walt Disney World Co., 396 So.2d 769 (Fla. 4th DCA 1981); Corbett v. Seaboard Coast Line Railroad Co., 375 So.2d 34 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1202 (Fla. 1980); Warn Industries v. Geist, 343 So.2d 44 (Fla. 3d DCA), cert. denied, 353 So.2d 680 (Fla. 1977); Seaboard Coast Line Railroad Co. v. Friddle, 290 So.2d 85 (Fla. 4th DCA), rev'd, 306 So.2d 97 (Fla. 1974) (adopting dissenting opinion).
*1077 In Firth v. Marhoefer, 406 So.2d 521 (Fla. 4th DCA 1981), the Fourth District Court of Appeal held that it was prejudicial error for the trial court to disallow testimony on prior maintenance and conditions of an elevator to prove the landlord's constructive notice of an ongoing problem creating a dangerous condition. We find that the same reasoning applies in the instant case, and we hold, therefore, that the trial court, by only allowing testimony on the conditions as they existed on the day of the accident, impermissibly limited appellant's evidence. It is for the jury to decide whether cash register tapes on the floor of a supermarket is an ongoing problem, and thus, a foreseeable danger of which appellee has constructive notice. Firth v. Marhoefer, supra; Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA), rev. denied, 407 So.2d 1102 (Fla. 1981); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980). The jury should also receive an instruction on what must be shown in order to find constructive notice.
For the same reason, we find that appellee's safety manual, with its repeated warnings about the hazards and consequences of debris left on the floor, should be allowed in evidence for the purpose of showing notice and foreseeability. The jury should decide whether the manual constitutes some indication of the care required under the circumstances, Reese v. Seaboard Coast Line Railroad Co., 360 So.2d 27 (Fla. 4th DCA), cert. dism., 366 So.2d 884 (Fla. 1978), and whether that level of care is different from the common-law duty of care a landowner owes to a business invitee. Cf. Bowes v. Lerner Shops International, Inc., 422 So.2d 1041 (Fla. 4th DCA 1982); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980).
Reversed and remanded for further proceedings not inconsistent with this opinion.