524 So.2d 1060 (1988)
Charlie TEATE, Jr. and Dorothy Teate, His Wife, Appellants,
v.
WINN-DIXIE STORES, INC., a Florida Corporation, Appellee.
No. 87-682.
District Court of Appeal of Florida, Third District.
April 12, 1988.
Rehearing Denied June 1, 1988.
Spence, Payne, Masington, Grossman & Needle, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel Eaton, Miami, for appellants.
Stephen N. Montalto, Coral Gables, Richard N. Blank, Fort Lauderdale, for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal from a directed verdict entered in favor of Winn-Dixie. We reverse.
Charlie Teate slipped and fell on some peas in the frozen food department of a Winn-Dixie supermarket and fractured his femur. The jury returned a verdict apportioning Winn-Dixie eighty per cent of the blame and Teate twenty per cent. The court then granted the defendant's motion for a directed verdict on the ground that the evidence was insufficient to present a jury question on the issue of constructive notice of the dangerous condition. Teate appeals.
*1061 To hold Winn-Dixie liable for his injuries, Teate had to prove that the peas were present on the floor for a sufficient length of time to charge Winn-Dixie with constructive knowledge. This may be proved by circumstantial evidence. Schmidt v. Bowl America Florida, Inc., 358 So.2d 1385 (Fla. 4th DCA 1978); Grizzard v. Colonial Stores, Inc., 330 So.2d 768 (Fla. 1st DCA 1976); Winn Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla. 3d DCA 1972).
In addition to showing that no employee had cleaned the area for fifteen to twenty minutes before the fall, Teate presented evidence that there was some water on the floor around the peas. Teate contends that the water was there because the peas had been on the floor for some time and had thawed. The jury could believe this and find that the peas had been on the floor for a sufficient time to put Winn-Dixie on notice of the dangerous condition. Winn-Dixie counters that the water was a result of "permafrost" or ice crystals on the bag of peas that instantly melted when it hit the floor. The jury could choose to believe this argument, find the peas had fallen perhaps only seconds before the fall, and decide that there was insufficient notice.
The resolution of this issue did not require the jury to build one inference on another as Winn-Dixie contends. Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla. 1961); Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla. 1954); Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987); Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So.2d 212 (Fla. 3d DCA 1979). Since it was established that there was some water on the floor, it was completely within the jury's province to decide why the water was there. Camina v. Parliament Ins. Co., 417 So.2d 1093 (Fla. 3d DCA 1982); Grizzard, 330 So.2d at 769. The jury needed to draw only one inference from direct evidence to reach a decision as to the defendant's constructive notice of the condition. See Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973); Camina, at 1094. It was entitled to believe Teate and to select the inference that it did. Consequently, it was error to set aside the verdict.
Reversed with directions to reinstate the jury verdict and enter judgment for Teate.