560 So.2d 339 (1990)
R.B. BROOKS and Cynthia Brooks, Appellants,
v.
PHILLIP WATTS ENTERPRISES, INC., d/b/a Barnes Supermarket # 13, Appellee.
No. 89-2572.
District Court of Appeal of Florida, First District.
April 25, 1990.
*340 Lefferts L. Mabie, III, of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellants.
Mark J. Upton, of Brown, Hudgens, Richardson, P.C., Mobile, for appellee.
JOANOS, Judge.
This case concerns an action for injuries incurred by R.B. Brooks (appellant) in a fall in Barnes Supermarket # 13 (appellee). Appellants challenge the propriety of the trial court's grant of summary judgment in favor of appellee, asserting that appellee possessed constructive knowledge of the existence of a dangerous condition upon its premises. We reverse.
The accident which is the subject of this appeal occurred at approximately 6:30 a.m. on April 18, 1988. Mr. Brooks's deposition testimony indicates that he parked his truck four or five steps from the entrance to Barnes Supermarket. He exited the truck, and walked into the store to make a purchase. As he walked through the entrance, his feet went out from under him, and he landed in a sitting position in front of the first checkout stand. When he put his right hand on the floor to assist him in rising, he felt a "wet damp" area on the floor.
The depositions of two cashiers on duty at the time of the accident reflect that both witnessed appellant's fall. The cashiers testified that it was raining that morning, and although the rain was not heavy, it had fallen steadily over a period of time. The store possessed and generally used warning cones in connection with wet floors. However, no cones or warning signs were in place on the morning of the accident. The cashiers arrived at work at 6:00 a.m., at which time one swept the area around the front door of the store. This cashier described appellant's accident as a "sit down fall." After asking appellant if he were all right, she told him to go to the office to report the fall.
The assistant manager of the supermarket testified that it was store practice to place yellow cones at the front door when it is raining, because sometimes rain blows in the door. In addition, she stated that store employees place the cones when there has been a spill on the floor, so customers will realize that the floor is wet. The assistant manager also stated that there were no cones or warning signs in place at the time of appellant's fall.
On the basis of the foregoing, and after hearing argument of counsel, the trial court found that appellants failed to prove that any of the Barnes Supermarket employees had actual or constructive notice that there was water on the floor when the accident occurred, and awarded summary judgment in favor of the supermarket.
It is well settled that motions for summary judgment should be cautiously granted in negligence actions, and that the party moving for summary judgment "must show conclusively the absence of any genuine issue of material fact and the court *341 must draw every possible inference in favor of the party against whom a summary judgment is sought." Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985); Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Burroughs Corp. v. American Druggists' Insurance Co., 450 So.2d 540, 543-544 (Fla. 2d DCA 1984); McCabe v. Walt Disney World Co., 350 So.2d 814, 815 (Fla. 4th DCA 1977). If the evidence is conflicting or will permit of different reasonable inferences, it should be submitted to the jury as a question of fact to be determined by it. Moore v. Morris, 475 So.2d at 668.
To recover for injuries incurred in a slip and fall accident, a plaintiff must show that the defendant had actual or constructive notice of the dangerous condition. Maryland Maintenance Service, Inc. v. Palmieri, 559 So.2d 74 (Fla. 3d DCA 1990); Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075, 1076 (Fla. 3d DCA 1983), review denied, 447 So.2d 889 (Fla. 1984). Constructive notice may be established by circumstantial evidence, Grizzard v. Colonial Stores, Inc., 330 So.2d 768, 769 (Fla. 1st DCA 1976), (1) by showing that the dangerous condition existed for such a length of time that in the exercise of ordinary care, the defendant should have known of the condition, Grizzard, 330 So.2d at 769; Maryland Maintenance v. Palmieri, 559 So.2d at 76; Budet v. K-Mart Corp., 491 So.2d 1248 (Fla. 2d DCA 1986); Nance, 436 So.2d at 1076; Schmidt v. Bowl America Florida, Inc., 358 So.2d 1385 (Fla. 4th DCA 1978), or (2) by showing that the condition occurred with regularity and was therefore foreseeable. Maryland Maintenance v. Palmieri; Fazio v. Dania Jai-Alai Palace Inc., 473 So.2d 1345 (Fla. 4th DCA 1985); Nance, 436 So.2d at 1077.
The period of time involved in constructive notice of the substance which causes the slip and fall will vary with the circumstances of each case. For example, in Grizzard, this court concluded that the time required for frozen orange juice concentrate to partially liquefy could be deemed sufficient time to constitute constructive notice. In Winn Dixie Stores, Inc. v. Williams, 264 So.2d 862, 864 (Fla. 3d DCA 1972), the court found that the fifteen to twenty minutes the dangerous substance remained on the floor of the business premises was sufficient for the store owner to be charged with knowledge of the condition, and a reasonable time in which to correct it. And, in Schmidt v. Bowl America Florida, Inc., in circumstances somewhat analogous to the instant case, the court said that evidence that no inspection had been made during a particular period of time prior to an accident may warrant an inference that the dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery. 358 So.2d at 1387.
In its memorandum of law prepared for the trial court and in its brief filed in this court, appellee places great reliance on Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So.2d 212 (Fla. 3d DCA 1979) and Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987), for the proposition that the plaintiff must show either how the unsafe condition was created, the length of time the condition existed before the accident, or that the store owner was responsible for the accident. In Gaidymowicz, the court noted that the exception to the general rule "is that the owner of a store may be held liable for a customer's injuries if the dangerous condition on the floor existed for a sufficient length of time to charge the defendant owner with constructive knowledge." 371 So.2d at 213-214. The time period for actual notice of liquid detergent on the floor before Mrs. Gaidymowicz's fall was a little over a minute. The court concluded that with only one minute actual notice, Winn-Dixie did not have sufficient opportunity to correct the dangerous condition and, therefore, could not be liable on the basis of actual notice. The court further found that Mrs. Gaidymowicz failed to present sufficient evidence as to the length of time the liquid was on the floor to charge Winn-Dixie with constructive knowledge of the condition, and reasonable time to correct it. The evidence showed that the store manager had been down the aisle only five minutes before the customer's fall, and there *342 was nothing there at that time. Five minutes was not deemed sufficient time to correct the dangerous condition.
In Publix Super Markets v. Schmidt, the plaintiff's fall occurred near the deli counter in the store. The plaintiff did not see anything, and did not know what caused her to slip, but thought it might have been grease, because of the manner in which she fell. The court found that regardless whether the jury could conclude that the plaintiff slipped on a greasy substance, there was no proof that Publix or its employees were at fault, or that the substance (which was never discovered) had been on the floor long enough to constitute constructive notice. Absent actual or constructive notice, the claim rested on an inference that Publix's employees were negligent. The court found the jury would have had to build inferences on inferences to conclude that a dinner tray had been overfilled at the delicatessen, that drops of gravy spilled when the tray was raised over the counter to a Publix employee, and this caused plaintiff to slip.
In this case, unlike the Third District cases relied upon by appellee, the evidence shows that the dangerous condition was caused by water on the floor just inside the supermarket door. The evidence also shows that the area at the front of the store had been swept at 6:00 a.m., some thirty minutes to an hour before appellant's fall, and the area had not been inspected in the interim. Appellee's witnesses all testified that it was raining, and although it was not raining hard, it had been raining for quite some time. The assistant manager testified that the store possesses cones and warning signs which are placed at the front of the store on rainy days, because frequently rain comes under the door. Mr. Brooks's testimony reflects that he parked against the curb directly in front of the store, and walked four or five feet across the sidewalk to enter the store. The cashiers testified that as Mr. Brooks stepped off the mat at the front of the store, his feet went straight in front of him and he did a "sit-down" fall. Mr. Brooks said that as he put his hand down to assist himself in getting up, his hand touched a wet spot on the floor. Mr. Brooks further stated that he knew he did not track water into the store.
This evidence is sufficient for a factfinder to determine constructive notice existed of the dangerous condition on either of two theories: (1) the water was on the floor for a sufficient period of time that in the exercise of ordinary care (such as regular inspection), appellee should have known of the condition, or (2) the condition occurred with regularity and was therefore foreseeable. In Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980), as in the instant case, there was no evidence regarding how water which contributed to the plaintiff's fall got on the floor, or how long it had been there. However, prior to the accident, the owners received repeated oral and written warnings that the hallway was slippery and dangerous when wet, and that the water problem was recurring. The court reversed a directed verdict for the owners, finding that appellant was entitled to submit the case to the jury under the theory that: (1) appellees failed to take reasonable care to prevent water from coming on the floor; (2) appellees failed to take reasonable care by not having an inspection procedure to discover water on the floor and to clean it up; or (3) appellees failed to take reasonable care by not making the floor less slippery when water came to be on it.
A similar result is indicated in this case. Although there is no evidence that appellee received oral and written warnings about the wet floor, the record does contain evidence that appellee had knowledge of the slippery condition of the floor when wet, and knowledge that water came in the front area of the store in rainy weather. The record also reflects that the store possessed warning cones which were usually placed in the front area of the store in rainy weather.
We conclude that the trial court failed to exercise the caution appropriate to a determination of a motion for summary judgment in negligence cases. Furthermore, the evidence in this case would support different reasonable inferences concerning *343 appellee's constructive notice and failure to correct a dangerous condition. Accordingly, the order granting appellee's motion for summary judgment is reversed.
SMITH and WENTWORTH, JJ., concur.