GRIFFIN, Judge.
Appellants seek review of a summary final judgment in a trip and fall case. We reverse.
Bryan Walker, a nine year old boy, was injured when he fell over a shoe lying on the floor in the shoe department of the Burdines Department Store in Altamonte Springs, Florida. He had accompanied his parents as they shopped at the store, which was quite busy due to a major sale.
According to the affidavits and deposition testimony of Bryan’s parents, people were trying on shoes displayed on several racks, without the aid of sales clerks, and there were a lot of shoes on the floor. Mrs. Walker shopped for shoes for several minutes, and then looked for a sales clerk without success for at least ten minutes. Eventually, Mrs. Walker gave up trying to find a sales clerk and decided to leave the shoe department to look at dresses. As she was exiting the shoe department, she saw shoes on the floor and stepped over them without tripping. Mrs. Walker walked by a mirrored column in the shoe department with Mr. Walker and Bryan following. Bryan tripped over a shoe and fell forward, hitting his head on the mirror. Neither the Walkers nor anyone else could say how long the specific shoe Bryan tripped over had been on the floor. When Bryan’s parents discovered that Bryan’s head was bloody, they still could not find a sales clerk in the shoe department. They went into the adjacent department where a sales clerk assisted Bryan and called the store nurse who administered First Aid. Three Burdines sales clerks were deposed but none had any knowledge of Bryan’s accident and did not know whether they were working at the time it occurred.
Burdines concedes it is dangerous for shoes to be lying on the floor in areas where customers shop. The record shows that Burdines’ employees were instructed to inspect the floors and to clear any shoes or other foreign objects. There was testimony from the sales clerks that they “constantly” inspect the floor and when there is a shoe sale they find “a lot” of shoes on the floor.
The apparent basis for the summary judgment was the admitted lack of direct evidence that the particular shoe that Bryan tripped over had been lying on the floor long enough for Burdines to have been placed on constructive notice it was there. In light of evidence that many shoes were on the floor before the accident (“two or three” in the area where Bryan fell) and that appellants never saw a sales clerk in the shoe department, either before or after the accident, we conclude that the testimony of Mr. and Mrs. Walker, if believed by the jury, could support a jury finding of negligence on Burdines’ part. See Nance v. Winn Dixie Stores, 436 So.2d 1075 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 889 (Fla.1984); Whitten v. State Farm Fire and Casualty Company, 430 So.2d 528 (Fla. 4th DCA 1983); Williams v. Holland, 205 So.2d 682 (Fla. 1st DCA 1968).
REVERSED and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.