576 So.2d 359 (1991)
WINN DIXIE STORES, INC., Appellant,
v.
Dorothea BENTON, Appellee.
No. 90-0150.
District Court of Appeal of Florida, Fourth District.
March 6, 1991.
Rehearing and Rehearing Denied April 9, 1991.
Richard N. Blank of Richard N. Blank, P.A., Fort Lauderdale, for appellant.
Fred Boruchov, Hollywood, for appellee.
Rehearing and Rehearing En Banc Denied April 9, 1991.
STONE, Judge.
The appellee was injured in a slip and fall in appellant's market. We affirm a final judgment, entered following a jury verdict for the plaintiff, and find no error in the trial court's denial of Winn Dixie's motions for directed verdict and for judgment notwithstanding the verdict.
At the point of the fall there was a puddle of milk, five to eight inches long and three to four inches wide. There were also milk drops on the floor in a thirty foot trail from the milk container case to the puddle and for another fifty feet from the puddle to the checkout lines. The drops were in an even pattern, one to one and a half feet apart. A leaky half gallon or gallon milk carton, one quarter empty, was found at the checkout area immediately after the fall. The appellant asserts that the store is normally busy at the time of the accident but appellee argues that this is refuted by the evidence that there were no other customers in the dairy aisle. The floor had not been swept for more than *360 one-half hour prior to the incident. There was evidence that the store manager did not conduct his customary floor inspection that afternoon, and the manager's testimony that he had "inspected" that particular aisle fifteen minutes before the accident was questioned by plaintiff's challenges to the credibility of the witness.
The evidence, any conflicts in the evidence, and all reasonable conclusions which may be drawn from the evidence, must be resolved in favor of the appellee. E.g. Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985), rev. denied, 482 So.2d 350 (Fla. 1986).
It was plaintiff's burden to prove that the milk was on the floor sufficiently long to charge Winn Dixie with notice. Notice may be proved by circumstantial evidence. It has frequently been recognized that the condition of the floor, the nature of the substance on the floor, and the surrounding circumstances, may be sufficient to support an inference by the jury that a dangerous condition existed long enough for the store employees to know, or that they should have known, of the condition. Under such circumstances the issue is for the jury to resolve even where the evidence may be susceptible of more than one reasonable inference. See e.g. Winn-Dixie Stores, Inc. v. Burse, 229 So.2d 266 (Fla. 4th DCA 1969), cert. denied, 237 So.2d 180 (Fla. 1970) (slip on a dirty and scuffed container top); Zayre Corp. v. Bryant, 528 So.2d 516 (Fla. 3d DCA 1988) (slip on clear substance with dark tracks from cart running through it); Teate v. Winn-Dixie Stores, Inc., 524 So.2d 1060 (Fla. 3d DCA), rev. denied, 534 So.2d 402 (Fla. 1988) (slip on thawing frozen peas; water on floor; not known whether water was from frost on exterior of bag that quickly melted); Camina v. Parliament Ins. Co., 417 So.2d 1093 (Fla. 3d DCA 1982) (slip on thawed dirty ice cream, the extent to which plaintiff's fall contributed to condition of ice cream not known); Winn-Dixie Stores, Inc. v. Guenther, 395 So.2d 244 (Fla. 3d DCA 1981) (slip on puddle with scuff marks and tracks through it); Grizzard v. Colonial Stores, Inc., 330 So.2d 768 (Fla. 1st DCA 1976) (slip on partially liquified frozen orange juice concentrate). See also Brooks v. Phillip Watts Enters., Inc., 560 So.2d 339 (Fla. 1st DCA), rev. denied, 567 So.2d 435 (1990).
Resolving whether the store should have discovered the danger in this case did not require the jury to build an inference on an inference. Teate v. Winn-Dixie Stores, Inc. Nor do we consider resolution of the notice issue here to require pure speculation, deemed unacceptable in Winn Dixie Stores, Inc. v. Gaines, 542 So.2d 432 (Fla. 4th DCA 1989) and Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987).
It was within the province of the jury to decide whether the milk had been dripping for a sufficiently long period to be discovered in the exercise of reasonable care.
DELL J., concurs.
WARNER, J., dissents with opinion.
WARNER, Judge, dissenting.
In my view the evidence shows that a maximum of five to ten minutes passed between the last time a store employee walked down the aisle and the injury to appellee occurred. The milk puddle was fresh and there were no tire tracks through it. The evidence is insufficient to show that the management knew or should have known that the dripping milk was on the floor for a sufficient time to be discovered. See Winn Dixie Stores, Inc. v. Gaines, 542 So.2d 432 (Fla. 4th DCA 1989).