GRIFFIN, Judge.
This is an appeal of a judgment in favor of the defendant below, Mathers Bridge Restaurant, Inc. [“Mathers Bridge”], in this personal injury action, by directed verdict at the close of the plaintiffs’ ease. We reverse.
On the date of the accident, appellants, Chris and Elizabeth Kitsopoulos, [Kitsopou-los] were guests on a boat belonging to friends. The group decided to dock the boat at Mathers Bridge, a restaurant on the Banana River, and have lunch there. The dock where the accident occurred, which is owned by Mathers Bridge, provides access to the restaurant from the water. As Mr. Kitso-poulos stepped from the boat onto one of the planks of the dock, the opposite end of the plank suddenly flipped up, causing him to fall. As he fell, he hit the side of the boat and the dock, sustaining various injuries.
Kitsopoulos filed suit against Mathers Bridge. In presenting their case to the jury, they introduced the testimony of Mr. Get-tings, a cook and part-time maintenance man at Mathers Bridge at the time of the accident. He testified that boards on the dock came loose “pretty frequently.” He was verbally instructed “to check the dock and maintain it when it needed it,” “about every couple of weeks at least.” He said he had to keep replacing the old boards and that even though the boards of the dock were nailed down, some of them came up because “they rotted away over time.” Mr. Gettings stated that he had repaired the dock on “quite a few occasions.” Mr. Kitsopoulos also presented his own testimony that shortly after the accident a waitress in the restaurant told him that there had been constant complaints to restaurant personnel about loose boards on the dock.
At the conclusion of the plaintiffs’ ease, Mathers Bridge moved for a directed verdict. *69 In support of its motion, Mathers Bridge cited several well-recognized slip and fall cases and contended that Kitsopoulos had neither proved that Mathers Bridge had actual knowledge that the particular board was loose prior to the accident, nor had they proved constructive notice because no evidence was offered that the board in question had been loose for sufficient time that the hazard should have been discovered and repaired. Counsel for Kitsopoulos argued that the recurring problem of loose and rotting planks was sufficient to make negligence a jury question but offered the court no case law support. Relying on the slip-and-fall cases counsel for Mathers Bridge cited in its argument, the trial court granted the motion for directed verdict and subsequently denied Kitsopoulos’ motion for a new trial.
To recover for injuries in a premises liability case, the plaintiff must prove that the owner of the premises had actual or constructive notice of the dangerous condition which caused the injury. Maryland Maintenance Serv., Inc. v. Palmieri, 559 So.2d 74 (Fla. 3d DCA), rev. denied, 574 So.2d 142 (Fla.1990). The plaintiff can establish constructive notice by proving either that the dangerous condition existed for such a length of time that the defendant should have discovered it, or that the condition occurred with such regularity that its recurrence was foreseeable. Brooks v. Phillip Watts Enterprises, Inc., 560 So.2d 339, 341 (Fla. 1st DCA), rev. denied, 567 So.2d 435 (Fla.1990); Maryland Maintenance, supra; Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075, 1077 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 889 (Fla.1984); Firth v. Marhoefer, 406 So.2d 521 (Fla. 4th DCA 1981); Bennett v. Mattison, 382 So.2d 873, 875 (Fla. 1st DCA 1980).
In both Brooks and Bennett, the plaintiffs established that the dangerous condition had occurred regularly in the past. In Brooks, the plaintiff fell on a wet floor near the entrance of a supermarket. The plaintiff was unable to produce evidence of how the water got on the floor or how long it had been there, but there was evidence that the supermarket had a recurring problem with water near the entrance of the store. The Brooks court held that such evidence “would support different reasonable inferences concerning appellee’s constructive notice and failure to correct a dangerous condition.” 560 So.2d at 342.
Similarly, in Bennett, the plaintiff fell on a wet spot in a hallway which led to a beachfront patio at her apartment complex. Again, the plaintiff could produce no evidence explaining how the floor got wet or how long it had been in that condition. She could, however, show that the hallway was frequently wet and that the apartment complex owners had received numerous complaints that it was very slippery when wet. In reversing the trial court’s directed verdict, the Bennett court stated that:
The repeated verbal and written warnings to the owners that the hallway was slippery and dangerous put them on notice of the recurring nature of the problem and created a jury question as to whether the landlords exercised reasonable care to guard against a foreseeable danger.
382 So.2d at 875.
In Walker v. Burdines Federated Department Stores, Inc., 568 So.2d 542 (Fla. 5th DCA 1990), this court found liability to be a jury question in a trip and fall case where the plaintiff could not show how long the cause of the trip and fall (a shoe lying on the floor) had been there but could show that the hazard was an ongoing problem which the premises owner recognized to be dangerous and to require corrective action. In the instant case, Kitsopoulos faced a similar problem. Although they were unable to show how the particular board became loose or how long it had been in a loose condition, they could show that Mathers Bridge had received numerous complaints about loose boards on the dock and frequently had to repair them. Therefore, the jury should have been permitted to determine whether Mathers Bridge had exercised reasonable care to protect its invitees against the danger foreseeably created by loose boards on its dock.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.