714 So.2d 601 (1998)
WAL-MART STORES, INC., Appellant,
v.
Donna C. REGGIE and Joseph A. Reggie, her husband, and Sebastian North, Inc., a Florida corporation, d/b/a McDonald's, Appellees.
No. 97-2252.
District Court of Appeal of Florida, Fourth District.
July 15, 1998.
*602 Vincent M. D'Assaro and Kenneth B. Rugh of D'Assaro and Hall, P.A., Orlando, for appellant.
Roy D. Wasson, Miami, and David M. Carter of Gould, Cooksey, Fennell, O'Neill & Marine, P.A., Vero Beach, for appellees.
OWEN, WILLIAM C., Jr., Senior Judge.
Mrs. Reggie, a business invitee in one of Wal-Mart's stores, sustained injuries in a slip and fall. We affirm the judgment entered on a jury verdict for Mrs. Reggie and her husband.
Wal-Mart's primary point is that the court erred in denying its motion for directed verdict because, so it argues, there was no evidence from which the jury, without pyramiding inferences, could have concluded that Wal-Mart knew or should have known of the condition that allegedly caused Mrs. Reggie to slip and fall. The evidence relevant to this issue, considered in a light most favorable to appellees, is recited below.
Within appellant's premises is a McDonald's Restaurant the entrance to which is reached through the Wal-Mart store. Immediately outside the entrance to the restaurant, and adjacent to the area in which Mrs. Reggie slipped and fell, appellant maintained two garbage containers. The garbage and trash deposited in these containers, most of which came from McDonald's customers as they exited the restaurant, included soft drink cups with soda and ice in them, as well as other forms of debris. McDonald's assistant manager, Ms. Blanchard, testified that about twice a week she found the garbage containers overflowing, and that as often as once a month liquid would seep out of the garbage containers onto Wal-Mart's floor. She would regularly call these conditions to the attention of Wal-Mart personnel, and on at least one occasion offered to place "wet floor" signs but the Wal-Mart manager told her his people would take care of it. When Ms. Blanchard would notify Wal-Mart of wet conditions or overflowing garbage containers it was usually between thirty minutes and an hour and one-half before a Wal-Mart employee responded and cleaned the area. The proximity of these containers to McDonald's entrance would on occasion cause McDonald's entrance to become damp and unsightly, and in times past she had asked Wal-Mart to move the containers farther from the entrance but without success. Another witness testified that at a time in the past he had slipped but not fallen in the same area.
About an hour before appellee was injured, Ms. Blanchard had noticed the containers were overflowing with trash, including cups containing ice cubes. She first tried to close the lids to the containers by compacting the contents, but she was unsuccessful because the containers were too full. She then called Wal-Mart to send a cleaning crew, however, she did not know if anyone responded. Of some significance, there was no evidence that anyone from Wal-Mart did respond to that call. Appellee testified that she exited from McDonald's and had taken only a few steps when she slipped on some liquid and fell. As she was helped to her feet she noticed small spots of a liquid or wet substance on the floor beside where she fell, and called it to the attention of a Wal-Mart employee who was stocking the nearby dairy case.
In support of its position, appellant cites Publix Super Markets v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987) as a "similar case." However, in the ribbon-matching process which serves as the foundation for the doctrine of stare decisis, the Publix case is far from similar. There, the plaintiff did not know what she slipped on but nonetheless sought to prove that the Publix employees had created the dangerous condition, proof of which required an improper stacking of inferences from circumstantial evidence. In the instant case Mrs. Reggie testified that she slipped on liquid on the floor, and she sought to prove not that Wal-Mart had created the dangerous condition but that Wal-Mart had actual or constructive knowledge of the dangerous condition.
*603 Here, as in the majority of slip and fall cases, the plaintiffs' proof that Wal-Mart had actual or constructive knowledge depended largely upon circumstantial evidence. Brooks v. Phillip Watts Enterprises, Inc., 560 So.2d 339 (Fla. 1st DCA 1990), contains a succinct overview of the case law on this subject:
To recover for injuries incurred in a slip and fall accident, a plaintiff must show that the defendant had actual or constructive notice of the dangerous condition. Maryland Maintenance Service, Inc. v. Palmieri, 559 So.2d 74 (Fla. 3d DCA 1990); Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075,1076 (Fla. 3d DCA 1983), review denied, 447 So.2d 889 (Fla.1984). Constructive notice may be established by circumstantial evidence, Grizzard v. Colonial Stores, Inc., 330 So.2d 768, 769 (Fla. 1st DCA 1976), (1) by showing that the dangerous condition existed for such a length of time that in the exercise of ordinary care, the defendant should have known of the condition, Grizzard, 330 So.2d at 769; Maryland Maintenance v. Palmieri, 559 So.2d at 76; Budet v. K-Mart Corp., 491 So.2d 1248 (Fla. 2d DCA 1986); Nance, 436 So.2d at 1076; Schmidt v. Bowl America Florida, Inc., 358 So.2d 1385 (Fla. 4th DCA 1978), or (2) by showing that the condition occurred with regularity and was therefore foreseeable. Maryland Maintenance v. Palmieri; Fazio v. Dania Jai-Alai Palace Inc., 473 So.2d 1345 (Fla. 4th DCA 1985); Nance, 436 So.2d at 1077.
Brooks, 560 So.2d at 341.
From the facts recited above the jury could reasonably draw the inference that the dangerous condition was caused by the overflowing garbage containers; and that Wal-Mart had constructive notice of the dangerous condition in either of two waysby the length of time between the condition as noticed by Ms. Blanchard and the time appellee fell or by evidence that the condition occurred in that area with sufficient regularity as to be foreseeable. Furthermore, the evidence that Ms. Blanchard notified Wal-Mart of the overflowing garbage containers an hour before appellee fell, coupled with the absence of evidence that appellant responded at all, would permit the jury to find that Wal-Mart had actual knowledge of the dangerous condition. See Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075 (Fla. 3rd DCA 1983); Williams v. Winn Dixie Stores, Inc., 443 So.2d 195, 196 (Fla. 3rd DCA 1983).
We have considered the remaining issues raised by appellant and find that no reversible error has been shown, nor that the issues require discussion.
AFFIRMED.
STONE, C.J., and GROSS, J., concur.