722 So.2d 951 (1998)
Jean R. BURNETT, Appellant,
v.
The LOWER FLORIDA KEYS HEALTH SYSTEMS, INC., Appellee.
No. 97-3147.
District Court of Appeal of Florida, Third District.
December 30, 1998.
Ginsberg & Schwartz, and Theodore Enfield, for appellant.
Womack, Appleby & Brennan, and Frank Silva, for appellee.
Before GERSTEN, GODERICH and SORONDO, JJ.
PER CURIAM.
Jean R. Burnett ("plaintiff") appeals the entry of summary judgment in favor of The Lower Florida Keys Health Systems, Inc. ("defendant") in a slip and fall case. Because genuine issues of material fact exist as to whether the defendant knew of, or should have known of, a hazardous condition on its premises, we reverse.
In order for a plaintiff to recover for injuries in a slip and fall accident, the plaintiff must show that the defendant responsible for the premises had actual or constructive notice of a dangerous condition. See Maryland Maintenance Serv., Inc. v. Palmieri, 559 So.2d 74 (Fla. 3d DCA 1990), rev. denied, 574 So.2d 142 (Fla.1990); Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 889 (Fla.1984). Constructive notice may be shown by presenting evidence that the condition existed for such a length of time that, in exercise of ordinary care, the defendant should have known of the condition. See Nance v. Winn Dixie Stores, Inc., 436 So.2d at 1076. It may also be shown by presenting evidence that the condition occurred regularly and, consequently, was foreseeable. See Nance v. Winn Dixie Stores, Inc., 436 So.2d at 1076.
Here, deposition testimony revealed that the floor in question had been mopped sometime, up to two and a half hours, before the accident. Furthermore, an employee of the defendant informed the plaintiff that the floor was wet in the area where the plaintiff fell.
The plaintiff, therefore, could show (1) that the floor was wet in the area of the accident, (2) that the hazard was foreseeably created by the defendant's cleaning efforts, and (3) that the hazard existed for a substantial period of time prior to the accident, and thus, was discoverable. The plaintiff is entitled to present this evidence to a jury even if there *952 is substantial evidence to the contrary. See Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995). Accordingly, the summary judgment entered below is reversed.
Reversed.