PER CURIAM.
Elvira San Miguel filed this slip and fall action against the City of Miami (“City”) and alleged that she was injured as she and a friend walked on a water meter cover installed in a sidewalk located within the City but maintained by Miami-Dade County’s Water and Sewer Department. Essentially, Ms. San Miguel claims that when her friend stepped on a portion of the meter cover, the cover protruded upward and caused her to trip and fall. The City filed a motion for final summary judgment on the grounds, among other things, that the record was devoid of any evidence of its actual or constructive knowledge of this dangerous condition. The trial court granted the motion and this appeal followed.
Based upon our independent review of the record evidence, we conclude that final summary judgment was properly entered in the City’s favor. Where as here, the meter cover, when situated in the sidewalk, did not otherwise pose an open and obvious danger which existed for a period of time, see, e.g., Hirsehenson v. Westway Inc., 728 So.2d 1216 (Fla. 3d DCA 1999) (metal rod extending over sidewalk); Burnett v. Lower Fla. Keys Health Sys., Inc., 722 So.2d 951 (Fla. 3d DCA 1998) (wet floor); Skipper v. Barnes Supermarket, 573 So.2d 411 (Fla. 1st DCA 1991) (spilled spaghetti strewn over floor); Ayers v. City of Miami, 578 So.2d 302 (Fla. 3d DCA 1991) (uncapped gas valve box); Spaulding v. City of Melbourne, 473 So.2d 226 (Fla. 5th DCA 1985) (broken sidewalk); Pentecost v. Ansan Corp., 136 So.2d 667 (Fla. 3d DCA 1962) (broken pipe protruding from sidewalk), liability cannot be imposed against the City without record evidence of the City’s actual or constructive knowledge of the meter cover’s propensity to become dislodged from the sidewalk upon being stepped on. See Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075, 1076 (Fla. 3d DCA 1983) (plaintiff must show that landowner had actual notice of the dangerous condition or that it existed for such a length of time that in the exercise of ordinary care, the landowner should have known of it and taken remedial action); see also Newalk v. Florida Supermarkets, Inc., 610 So.2d 528, 529 (Fla. 3d DCA 1992) (same); Maryland Maint. Serv., Inc. v. Palmieri, 559 So.2d 74, 76 (Fla. 3d DCA 1990) (same).
The record before us is totally devoid of any evidence that the City had actual or constructive notice of this alleged dangerous condition. For that reason, we affirm the summary judgment.
Affirmed.