# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2149
Lower Tribunal No. 21-23537-CA-01
_____

**Cecilia Vera,**
Appellant,

vs.

**Parkwood Condominium Association, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Joseph Perkins, Judge.

Morgan & Morgan, P.A., and David L. Luck and Andres A. Hermida, for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez (Tampa) and Chanelle Artiles, for appellees.

Before LOGUE, LINDSEY, and GORDO, JJ.

LOGUE, J.

Cecilia Vera appeals the trial court's final summary judgment in favor of Parkwood Condominium Association, Inc. and Atlas Property Management Services, Inc. (collectively, the "Association") in her premises liability action. We conclude the trial court properly granted summary judgment because Vera failed to put forth sufficient evidence to support a reasonable inference that it was more likely than not that the wastewater backup that caused her to slip and fall inside her unit was caused by a problem in the wastewater pipes in the common areas, which the Association was responsible to maintain. We therefore affirm.

## BACKGROUND

In March 2021, Vera was walking into the bathroom inside her condominium unit when she slipped and fell due to water and sewage on the floor of her bathroom. Vera filed a premises liability action against the Association alleging negligence. She contended this was a recurring issue and that the Association was on notice of the issue. She further alleged that in July 2020, the Association hired a contractor to provide plumbing services in Vera's condominium bathroom "due to recurring plumbing issues, including backups, which caused spills on [Vera's] bathroom floor."

The Association ultimately sought summary judgment, arguing Vera could not establish that any leak or plumbing issue was caused by any failure

of the Association to maintain the premises in a reasonably safe condition. It noted that the wastewater backup that caused Vera to slip and fall inside of her condominium unit's bathroom could have resulted from a problem in either the wastewater pipes that were part of Vera's unit (and therefore her responsibility to maintain) or the condominium's pipes located in the common areas (which were the Association's responsibility to maintain). Yet, every witness whose deposition was filed for purposes of summary judgment, including Vera, her adult children, and the Association's corporate representative, all testified that they did not know the source of the blockage that caused the backup into Vera's unit.

In response, Vera argued there was evidence establishing that the cause of the backup or plumbing issue was a problem in the condominium's pipes. In support, Vera cited (1) her deposition testimony and the deposition testimony of her two adult children regarding prior incidents of backups from the toilet, which they reported to the Association; (2) one work order dated July 11, 2020 for a clog in the condominium's sanitary stack pipes associated with her unit; (3) her deposition testimony that she hired someone outside of Home Depot to replace her toilets but the backups kept occurring; and (4) the deposition testimony of the Association's corporate representative that a

3

backup in the condominium's sanitary stack pipes could cause the toilets and shower to overflow in the unit.

Following a hearing on the Association's motion for summary judgment, the trial court granted the motion and entered final summary judgment in favor of the Association. This appeal timely followed.

## ANALYSIS

On appeal, Vera contends the trial court erred in granting summary judgment because she provided sufficient evidence to establish that the water she slipped on was a regularly occurring condition that the Association was on notice of. She contends this was all she was required to prove to establish her claim under "Florida's established transient-substance caselaw," citing cases such as Bennett v. Mattison, 382 So. 2d 873 (Fla. 1st DCA 1980), Brooks v. Phillip Watts Enterprises, Inc., 560 So. 2d 339 (Fla. 1st DCA 1990), Maryland Maintenance Service, Inc. v. Palmieri, 559 So. 2d 74 (Fla. 3d DCA 1990), Scott v. Florida Supermarkets, Inc., 580 So. 2d 312 (Fla. 3d DCA 1991), and Wal-Mart Stores, Inc. v. Reggie, 714 So. 2d 601, 602-03 (Fla. 4th DCA 1998). Vera argues that pursuant to this case law, she was not required to prove how or when the water came to be on the floor or that the Association caused the condition that led to the water's presence.

4

Vera's argument would carry the day if Vera had slipped in a common area. The problem with Vera's argument, however, is that she slipped and fell in the confines of her own condominium unit, which is not possessed or controlled solely by the Association. See generally Lisanti v. City of Port Richey, 787 So. 2d 36, 37 (Fla. 2d DCA 2001) (observing: "The elements for negligence are duty, breach, harm, and proximate cause; the additional elements for a claim of premises liability include the defendant's possession or control of the premises and notice of the dangerous condition." (emphasis added)). As such, Vera could not simply rely on "Florida's established transient-substance caselaw" because there was evidence presented below that while the Association was responsible for the maintenance and proper function of the condominium's sanitary stack pipes, Vera was responsible for the maintenance and proper function of the plumbing inside of her condominium unit that connected to the condominium's sanitary stack pipes.

And because the wastewater backup that caused Vera to slip and fall inside of her condominium unit's bathroom could have resulted from a problem in either the wastewater pipes that were part of Vera's unit (and therefore her responsibility to maintain) or the condominium's sanitary stack pipes (which were the Association's responsibility to maintain), it was incumbent on Vera to produce evidence that would support a reasonable

5

inference that it was more likely than not that the wastewater spillage that occurred in the bathroom of her condominium unit was caused by the negligence of the Association in maintaining the condominium's sanitary stack pipes. However, as mentioned above, every witness whose deposition was filed for purposes of summary judgment, including Vera, her adult children, and the Association's corporate representative, all testified that they did not know the source of the blockage that caused the backup into Vera's unit.

In these circumstances, to establish an issue of fact to get past summary judgment, Vera had to carry the evidentiary burden of identifying facts that would support a reasonable inference that it was more likely than not that the wastewater spillage in her unit was due to a problem in the condominium's sanitary stack pipes rather than her wastewater pipes. Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1036 (Fla. 3d DCA 2019) ("If the moving party presents evidence to support the claimed non-existence of a material issue, he will be entitled to a summary judgment unless the opposing party comes forward with some evidence which will change the result - that is, evidence sufficient to generate an issue on a material fact." (quoting Harvey Bldg., Inc. v. Haley, 175 So. 2d 780, 782-83

6

(Fla. 1965))). Because Vera did not file such materials, summary judgment was properly entered.

Affirmed.